[Birmingham Bottling Co. v. Morris.]

# Birmingham Bottling Co. *v.* Morris.

## ·*Malicious Prosecution.*

(Decided April 23, 1915.   Rehearing denied June 3, 1915.
69  South.  85.)

1. *Appeal and Error; Filing Transcript; Perfecting Appeal.*—An appeal will not be dismissed in accordance with rule 41, Supreme Court, for a failure to file a transcript at the first call to which the appeal was returnable, where the bill of exceptions had not been signed by the trial judge within time to allow it to be transcribed and transmitted for such filing.

2. *Malicious Prosecution; Complaint; Sufficiency.*—Where the complaint alleged that defendant maliciously and without probable cause therefor, caused plaintiff to be arrested on a charge of larceny, which charge had been judicially investigated, and plaintiff discharged before the commencement of the action, and as a proximate consequence of which plaintiff sustained damages and injuries, and the case was tried on the theory that the prosecution was ended, and the court charged that recovery could be had only in that event, while the complaint was not in Code form, yet inferentially it alleged the ending of the prosecution instituted by defendant, and in view of the theory of the trial, as disclosed by the pleading and the charge, the complaint was sufficient.

3. *Same; Action; Right to Amend.*—While an action for malicious prosecution cannot be maintained before the termination of the prosecution, yet a criminal prosecution is terminated when there is an acquittal, or where the grand jury fails to return a bill, or where a nolle prosequi has been entered, or where defendant has been discharged from bail or imprisonment.

4. *Appeal and Error; Review; Complaint.*—Although proof without allegation is impotent and charges cannot cure errors in a complaint, yet the proof and the charges may be looked to in determining the theory of the trial had on an ambiguous complaint.

5. *Same; Harmless Error; Pleading.*—Where defective counts of a complaint were charged out of the case, the overruling of demurrer to such count was harmless.

6. *Evidence; Secondary.*—Where the action was for malicious prosecution, court records are the best evidence, yet, on the theory that the questions call for collective facts, the plaintiff may testify that he had been arrested and tried in the courts.

7. *Appeal and Error; Harmless Error; Evidence.*—Where the warrants and records of the court were subsequently introduced, any error in permitting plaintiff to testify that he had been arrested and tried in the courts was rendered harmless.

8. *Malicious Prosecution; Evidence.*—In an action for malicious prosecution, plaintiff may give testimony as to what he did after

arrest in reference to making bond, the question being merely intro-
ductory, and plaintiff having the right to show whether he made
bond or had to go to jail.

9. *Same.*—In an action for malicious prosecution, plaintiff may
testify that other persons were present when he was arrested.

10. *Appeal and Error; Review; Presentation Below.*—Objections to
evidence cannot be considered when raised for the first time on ap-
peal.

11. *Same; Harmless Error; Evidence.*—Where plaintiff afterwards
fully testified as to the matters inquired about, and admitted that he
did not know how long he kept the bail bond in his possession before
returning it, it was not error to exclude testimony as to how
long he kept such bail bond in his possession.

12. *Same; Review; Presentation Below.*—Under Circuit Court Rule
34, the admission in evidence of the warrant on which plaintiff was
arrested, cannot be questioned on the ground of variance where that
question was not raised below.

13. *Trial; Offer of Proof; Necessity.*—Where there was no offer to
show what proof was expected as an answer to a question, the sus-
taining of an objection to such question cannot be held error.

14. *Evidence; Mental Status.*—On direct examination, a witness
cannot testify as to his uncommunicated motive, or mental status;
hence, a defendant's agent who instituted the prosecution cannot
testify that he had no malice against plaintiff.

15. *Charge of Court; Covered by Those Given.*—It is not error to
refuse instructions substantially covered by written instructions
given.

16. *Malicious Prosecution; Damages.*—Where no special damages
are claimed in an action for malicious prosecution, plaintiff cannot
recover for loss of time.

17. *Same; Defenses.*—It is a defense to an action for malicious
prosecution that defendant in good faith acted on the advice of
competent counsel after full disclosure of the facts.

APPEAL from Jefferson Circuit Court.

Heard before Hon. C. B. SMITH.

Action for malicious posecution by W. C. Morris
against the Birmingham Bottling Company. Judgment
for plaintiff, and defendant appeals. Affirmed.

Transferred from the Court of Appeals of Alabama
under section 6, Act April 18, 1911, (Gen. Acts 1911,
p. 450).

Count 5 is as follows: "Plaintiff claims of defend-
ant * * * damages for maliciously and without

[Birmingham Bottling Co. v. Morris.]

probable cause therefor causing plaintiff to be arrested under a warrant issued by H. B. Abernathy, judge of the Birmingham court of common pleas, to wit, * * * on a charge of larceny, which charge before the commencement of this action has been judicially investigated and plaintiff discharged on, to wit, * * * and as a proximate consequence thereof plaintiff sustained the damages and injuries set out in the first count of the complaint which is hereby made a part hereof, as if incorporated herein."

ALLEN & BELL, for appellant.

FRANK S. WHITE & SONS, for appellee.

MAYFIELD, J.—(1) There is no merit in the motion to dismiss this appeal. It is made to appear that the case was submitted with all proper diligence by the appellant. While the transcript was not filed at the term of court, or the call of the division, at which the rule prescribed it should be filed, yet it is made to appear that the bill of exceptions was not signed by the trial court within time to allow it to be transcribed and sent up here for submission at the first call to which the appeal was returnable, and this we have uniformly and repeatedly held to be a sufficient excuse for failure to file the transcript on or by the day mentioned in rule 41 of this court (56 South. vi). The certificate of appeal was filed in the Court of Appeals at the proper time, and the case was submitted at the first call at which it could have been submitted after the bill of exceptions was signed. An appellant should not be required to submit his cause before he can obtain a bill of exceptions, according to law, when the bill is a necessary part of his record on appeal. This was an action

for malicious prosecution, and resulted in a judgment for plaintiff.

(2) While count 5 of the complaint is not quite so full as the form provided in the Code, we are inclined to hold that it meets the statutory requirements. It does not allege in terms that the prosecution instituted by the defendant against the plaintiff had "ended," but it does, we think, allege it in substance. Moreover, the record affirmatively shows that the case was tried on the theory that it was so alleged, and the proof showed it, and the court so charged the jury. This appears in charge 17, requested by the defendant, which was given and by other charges to the same effect. Charge 17 is as follows: "I charge you, as a matter of law, that before plaintiff can recover in this case you must be reasonably satisfied of the three following things: First, that the prosecution was instituted by the defendant, or by its authorized agent, acting within the line and scope of his employment; second, that it was done maliciously and without probable cause; third, that said prosecution, before the commencement of this suit, was judicially investigated and determined in favor of the plaintiff—and if either one of these elements have not been proved to your reasonable satisfaction, then the plaintiff cannot recover."

(3) The strictness of the rulings of this court, as to counts of the complaint in actions of this kind, has been relented since the adoption of the Code of 1852. The case of *Ragsdale v. Bowles,* 16 Ala. 62, was overruled by this court in the case of *Southern Car Company v. Adams,* 131 Ala. 147, 32 South. 503. While the counts in that case were probably somewhat fuller than in this case, yet they did in terms follow the language, but they were held sufficient; and the court in that case said: "It is everywhere held that an action

for malicious prosecution cannot be maintained before the termination of the prosecution; but it is held that the criminal presecution may be said to have terminated when there is a verdict of not guilty, or when the grand jury ignores a bill, when a nolle prosequi has been entered, or when the accused has been discharged from bail or imprisonment.—*Lowe v. Wartman*, 47 N. J. Law 413 [1 Atl. 489]; *Pope v. Pollock*, 4 L. R. A. 255, notes; 14 Am. & Eng. Ency. Law, 29-31, and notes. In the volume last cited, the principle is stated, sustained by citation of authorities, that: 'All that is necessary is that the particular prosecution or proceeding shall have been disposed of in a manner that it cannot be revived, and that the prosecutor, if he intends to proceed further, must institute proceedings de novo.' " —131 Ala. 156, 32 South. 506.

In the more recent case of *Sanders v. Davis*, 153 Ala. 375, 380, 44 South. 979, 981, it is said: "The averments must show: First, a judicial proceeding; second, that it was instigated by the defendant; third, want of probable cause; fourth, malice; fifth, the termination of the judicial proceeding favorably to the plaintiff; and, sixth, the damage.—13 Ency. Pl. & Pr. 427."

We do not mean in this decision to recede from what is said in these two cases as to the sufficiency of counts for malicious prosecution, but hold to what is there said. We hold—what we have many times reiterated—that while the code form is sufficient, it need not be literally followed. It is sufficient to follow it in substance. Neither do we decide that infirmities of material allegations can be cured by the evidence or by charges of the court, because evidence without allegation is as impotent as allegation without proof, and pleadings cannot be settled by charges of the court. But we may look to the evidence, the plead-

ings, and the charges, when doubt arises as to the true issues upon which the case was tried, to ascertain the theory upon which the cause was litigated; and by these means the record in this case shows that the case was tried on the correct theory.

(5) There were in the complaint some counts which were clearly defective, and to which demurrers were overruled; but the trial court charged them out of the case, evidently upon the theory that they were insufficient, because they were certainly proven if the fifth was.

(6, 7) There was no error in the trial court's allowing plaintiff to testify that he was arrested, and that he was tried in the courts. These were material allegations. This evidence was merely introductory of the subject, and did not violate any rule of evidence as to primary and secondary evidence. The warrant and records of the court were subsequently introduced, and would have cured the error, if it had been error. It is not only permissible, but it is sometimes necessary, to propound to witnesses questions prima facie objectionable because calling for secondary evidence. Where such questions and their answers are merely introductory or explanatory of other competent and legal evidence which is to follow and which does follow, objection cannot, and ought not, to be made.—*Frazier v. State,* 116 Ala. 442, 23 South. 134; *Stoball v. State,* 116 Ala. 459, 23 South. 162. Such were the questions and answers of which complaint is here made. Moreover, these rulings could be justified, on the ground that the questions called for collective facts, and that the answers were shorthand renderings thereof.—*Davis v. State,* 126 Ala. 44, 28 South. 617; *Robinson & Co. v. Greene,* 148 Ala. 434, 43 South. 797; *B. R., L. & P. Co. v. Jackson,* 136 Ala. 279, 34 South. 994.

(8) There was likewise no error in allowing the plaintiff to testify that there were other persons present when he was arrested.

(9) There was no error in allowing the plaintiff to answer the question, "What did you do, after you were arrested, in reference to making bond?" This was merely introductory, and, besides, the plaintiff had the right to show whether he made bond, or had to go to jail, together with the material facts attending the making of the bond or the going to jail.

(10) It is insisted here that this evidence was objectionable because it allowed a recovery for special damages, which were not claimed. It is a sufficient answer to this contention to remark that no such objection to the question was interposed, and that it does not appear that it was offered for that purpose.

(11) There was no error in sustaining an objection of the plaintiff to the question as to how long plaintiff kept the bond in his possession before he returned it; and, if there was error, it was cured by the plaintiff afterwards testifying fully as to the matters inquired about. The witness finally answered that he did not know how long he kept the bond out. See *Southern Cotton Oil Co. v. Harris,* 175 Ala. 323, 57 South. 854.

(12) There was no error in allowing the warrant to be introduced in evidence. The evidence introductory and preliminary to its introduction had been given. It was identified and authenticated as the paper under which the plaintiff was arrested. There was no variance, and no objection, on that ground. See rule 34, Circuit Court Practice, 175 Ala., prefatory matter, page xxi.

(13) There was no error in sustaining the objection to the question to the defendant's witness as to what certain bottles were worth. It is not made to appear

how the answer would have been relevant or competent, nor even whether the witness could have answered the question. To put the court in error in such a case, it must appear that the evidence was competent and relevant, and what the answer was that was expected. —*Tolbert v. State,* 87 Ala. 27, 6 South. 284; *B. R., L. & P. Co. v. Barrett,* 179 Ala. 274, 60 South. 262.

There was no error in excluding the answer of the witness Campbell that the driver refused to give up the bottles, and that witness instructed him to call up the factory.

(14) There was no error in the court's sustaining objection to the defendant's questions, propounded to its own agent and witness, whether the agent had any malice toward plaintiff, and whether or not he was mad at plaintiff. Whatever may be the rule in other states, or that announced by the text-writers, this court is irrevocably committed to the doctrine that a party cannot prove by his own witness, on direct examination, his uncommunicated motive, intention, or mental status or condition, as was attempted to be done in this case.—See *Birmingham Railway, Light & Power Co. v. Friedman,* 187 Ala. 562, 65 South. 939; *Vandiver v. Waller,* 143 Ala. 411, 39 South. 136; *Whizenant v. State,* 71 Ala. 383; *Stewart v. State,* 78 Ala. 436; *McCormick v. Joseph,* 77 Ala. 236.

The mental status, when relevant, is, under our practice and the law of this state, a matter of inference, to be ascertained from the circumstances of the case by the jury, and as to the existence or nonexistence of such status witnesses are not allowed to give opinions. That the law is different in most states has been repeatedly conceded by this court, but we have never departed from our original holding.

(15) There was no error in refusing any of the written charges requested by the defendant. They were either misleading, argumentative, or erroneous as applied to the evidence, or were fully covered by requested charges given at the instance of the defendant.

(16, 17) In addition to the charge which we have heretofore set out, the trial court gave the following charges at the defendant's request, which correctly charged the law as favorably as the defendant had a right to demand: "I charge you that under the evidence in this case, plaintiff cannot recover for any loss of time, if any he lost.."

"I charge you that if you believe that before the institution of said prosecution the prosecutor sought advice of learned counsel and made a full and fair statement of all the facts within his knowledge, or which by reasonable effort he could have known in reference to the alleged guilt of plaintiff of a violation of the law as charged, and that said counsel advised the prosecutor that he had probable cause to swear out the warrant, or institute prosecution as alleged, and that the prosecutor acted on said advice in good faith, then as a matter of law, this would be a complete defense to plaintiff's cause of action in this case for malicious prosecution, and you cannot find a verdict against defendant for a malicious prosecution."

There was no error in overruling the motion for a new trial.

There are 119 assignments of error. We have treated those insisted upon in argument, and we find no reversible error.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.