(84 South. 426)

McNUTT v. ABERCROMBIE. (6 Div. 565.)

(Court of Appeals of Alabama. Oct. 21, 1919.)

1. MALICIOUS PROSECUTION ⊜⇒47 — COMPLAINT HELD NOT SUBJECT TO DEMURRERS.

Counts charging malicious prosecution and false imprisonment in the form prescribed by the Code *held* not subject to demurrers.

2. MALICIOUS PROSECUTION ⊜⇒58(3) — RECORDS HELD PROPERLY ADMITTED.

In action for malicious prosecution and false imprisonment on warrant issued by a justice of the peace and made returnable to the county court, court did not err in allowing the affidavit, warrant, and bond, together with the records in the county court, to be offered in evidence.

3. MALICIOUS PROSECUTION ⊜⇒55—PROOF OF EXPENSES IN ATTENDING COURT HELD ADMISSIBLE UNDER PLEADINGS.

In action for malicious prosecution and false imprisonment, where plaintiff alleged as special damages the expense and loss of time in attending court and in employing counsel to defend him, there was no error in allowing him to testify as to how many times he had attended court and as to expenses incurred by him for hack hire in this connection.

4. APPEAL AND ERROR ⊜⇒743(2) — ASSIGNMENTS OF ERROR HELD INSUFFICIENT IN ITS REFERENCE TO RECORD.

In action for malicious prosecution and false imprisonment, assignment of error, "the court erred in refusing to allow appellant to prove the feeling of appellee toward appellant (page 19)," *held* too vague to challenge court's refusal to permit plaintiff's witness to answer on cross-examination the question as shown on page 19, "You were speaking about what you heard M. [defendant] say; you also informed him that the plaintiff, Mr. A., had taken up a hammer and beat up part of the sawmill down there?"

5. APPEAL AND ERROR ⊜⇒1058(2)—EXCLUSION OF TESTIMONY RENDERED HARMLESS BY SUBSEQUENT TESTIMONY.

In action for malicious prosecution and false imprisonment on charge of selling or conveying mortgaged property, exclusion of testimony that cut-off saw was included in mortgage, if error, was harmless, where witness was later allowed to testify fully as to whether the cut-off saw was part of the attachment to the mill that was included in the mortgage.

Appeal from Circuit Court, Winston County; J. J. Curtis, Judge.

---

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Action by W. T. Abercrombie against E. J. McNutt for malicious prosecution and false imprisonment. Judgment for plaintiff, and defendant appeals. Affirmed.

Count 1 charges the malicious arrest and imprisonment of plaintiff upon a warrant issued by one Hurley, a justice of the peace, on a charge of selling or conveying mortgaged property, and made returnable to the county court of Winston county.

Count A charges an unlawful arrest.

Count C is the same as count 1, but claims special damages of mental pain and anguish and the expense and cost and loss of time in attending court and in employing counsel to defend him.

Suit was commenced on August 11, 1916, and judgment rendered March 25, 1918. The warrant was issued on the 8th day of September, 1915, and judgment rendered July 17, 1916, finding the defendant not guilty. The other facts sufficiently appear.

Leith & Powell, of Jasper, and W. V. Mayhall, of Haleyville, for appellant.

The court erred in giving charge A. 112 Miss. 747, 73 South. 734. The court erred in allowing the county court record to be produced. 121 Ala. 603. 25 South. 725. The court erred in allowing the plaintiff to testify as to the number of times and the cost of attending court. 5 Ala. App. 522, 59 South. 694. Counsel discussed other assignments of error, but without further citation of authority.

Chester Tubb, of Haleyville, and Travis Williams, of Russellville, for appellee.

No brief reached the Reporter.

BRICKEN, J. This was a suit by the appellee against appellant for malicious prosecution. The complaint originally consisted of one count, and later three additional counts, A, B, and C, were added by amendment. Demurrers to the original count were overruled, and demurrers were sustained as to count B and overruled as to counts A and C.

The defendant filed the plea of general issue, statute of limitations, and a plea setting up that the prosecution was instituted upon the advice of counsel.

The cause was tried upon counts 1, A, and C, and upon the above pleas of the defendant.

The court in its oral charge eliminated count A from the consideration of the jury, by charging them affirmatively that they could not find for the plaintiff on that count.

[1] The counts in the complaint were in the form prescribed by the Code, and were not subject to the demurrers interposed. Strain v. Irwin, 195 Ala. 414, 70 So. 734.

There was no error in giving charge A requested in writing by the plaintiff, which reads as follows:

"I charge you, gentlemen of the jury, that if you believe the evidence in this case, you cannot find for the defendant under the second plea." Birmingham Bottling Co. v. Morris, 193 Ala. 627, 69 South. 85.

[2] The court did not err in allowing the affidavit, warrant, and bond to be offered in evidence. Birmingham Bottling Works v. Morris, supra. Nor was there error in allowing the records in the county court to be offered in evidence.

[3] There was no error in allowing the witness, plaintiff, to testify as to how many times he attended court, nor in allowing him to testify as to the expense incurred by him for hack hire in this connection, as these were claimed in the complaint as special damages.

[4] The ninth assignment of error is as follows:

"The court erred in refusing to allow appellant to prove the feeling of appellee toward appellant (page 19)."

Upon referring to page 19 of the record, we find that J. T. Dancer, a witness for the plaintiff, was asked on cross-examination the following question:

"You were speaking about what you heard McNutt say; you also informed him that the plaintiff, Mr. Abercrombie, had taken up a hammer and beat up part of that sawmill down there?"

The record then recites:

"Plaintiff objected to said question. Counsel for defendant states he wants to show the feeling of this man and what he tried to do to the property before he turned it over to him."

The assignment of error is too vague to challenge this ruling of the court. Moreover, we are unable to see how an answer to the question could have shown the feeling of appellee toward appellant.

[5] There was no error in the action of the court in excluding the statement of the witness E. J. McNutt that the cut-off saw in controversy was included in the mortgage; but, if so, it was error without injury, as he was later allowed to testify fully as to whether the cut-off saw was part of the attachment to the mill that was included in the mortgage.

There was no error on the part of the court in refusing the several charges requested in writing by the appellant.

No error appearing, the judgment of the lower court is affirmed.

Affirmed.