150 So.2d 389

**J. B. HEAD**

v.

**TRIANGLE CONSTRUCTION COMPANY.**

2 Div. 423.

Supreme Court of Alabama.

Feb. 21, 1963.

**520**

Brobston & Brobston, Bessemer, for appellant.

Lloyd & Dinning, Demopolis, for appellee.

LIVINGSTON, Chief Justice.

This is an action for workmen's compensation brought in the Circuit Court of

Marengo County, Alabama, under and by virtue of the Workmen's Compensation statutes of Alabama.

The complaint was filed on August 25, 1959, alleging, in substance, the injury of the petitioner, that the injury occurred in the course of the petitioner's employment, and that workmen's compensation was paid by the defendant until August 22, 1958.

In an amended complaint, the petitioner averred that he was "mentally incapacitated to perform, or cause to be performed, acts within the time required by Title 26, Sec. 296, Code of Alabama 1940," that he was "permanently and totally disabled," and that the last payment of workmen's compensation was made in September, 1958.

The defendant pleaded the general issue, the statute of limitation of one year as provided by Sec. 296 of Title 26, Code of 1940, and set off of $4000 damages recovered by the petitioner from Gulf States Paper Corporation.

The case was heard without a jury on October 29, 1959, and on February 18, 1960, before the Honorable Emmett F. Hildreth, presiding.

The judgment was entered on November 22, 1960, in which Judge Hildreth made numerous findings of facts based on the evidence, and held that the defendant was not liable.

The petitioner prayed for, and the Supreme Court granted, a writ of certiorari on December 22, 1960.

The petitioner set out six assignments of error, which are treated separately below.

The findings of facts in the lower court are, in substance, as follows:

Plaintiff was an employee of the Triangle Construction Company, a Corporation, on February 19, 1958, and on that date, received a head injury due to being struck by a log while working for defendant company on the log flumes of Gulf States Paper Corporation, owner of the premises and for whom defendant was doing a repair job by contract; thereafter, he was paid by the insurance carrier of defendant company, the American Mutual Liability Insurance Company, workmen's compensation at the rate of $31 weekly from the day following the accident, February 20, 1958, through August 13, 1958, the last payment by defendant being by check dated August 14, 1958, and being endorsed on the back by plaintiff, and having on the back of said check, in addition to other endorsements, a stamp of The Wachobia Bank and Trust Company of Charlotte, N. C., dated August 19, 1958, and a stamp of the First National Bank of Birmingham, Alabama, dated August 21, 1958, on the face of said check marked "Paid";

That this action was commenced in the Circuit Court of Marengo County on the 25th day of August, 1959; that several months prior to August 25, 1959, plaintiff had employed attorneys who represented him in this action under the workmen's compensation law, and these attorneys had brought a tort action for plaintiff in the Circuit Court of Tuscaloosa County against Gulf States Paper Corporation, owner of the log which had struck plaintiff in the head; this tort action, arising from this same accident, was prosecuted under and by virtue of Sec. 312, Title 26, Code 1940, and resulted in a judgment for plaintiff in the amount of $4000;

That the statute of limitations applicable in this action, that is to say, limitation of one year as provided by Sec. 296 of Title 26, Code of 1940, as amended, is effective to prevent plaintiff's recovery in this case, due to the fact that prior to the bringing of this action on August 25, 1959, more than one year had elapsed since the time of last payment by defendant company; that no fraud existed or was shown to exist on the part of defendant company to prevent the bar of the statute of limitations; that no physical fact or mental disability or incapacity on the part of plaintiff was shown as would remove the case from the bar of the statute of limitations; that plain-

tiff was represented for several months prior to the operation of the statute by most able and efficient counsel, and suffered no such lack of able representation as would take the case without the statute of limitations.

Assignment of Error No. 1 merely states that the court erred in disallowing compensation.

Assignment of Error No. 2 raises the question of whether or not the payment of damages by a third party under Sec. 312, Title 26, Code of 1940, constitutes a "payment of compensation" within the meaning of Sec. 296 of Title 26. If so, the statute of limitations in Sec. 296 is tolled by such payment.

The question posed by Assignment of Error No. 2 cannot be reviewed by this court, for the appellant did not rely on this theory to counter the defense of the statute of limitations in the lower court. In other words, the appellant presented this theory for the first time in the Supreme Court.

The case of Hamilton Motor Co. v. Cooner, 254 Ala. 422, 47 So.2d 270, involving a claim under the Workmen's Compensation Act of Alabama, resulted in a judgment for the injured employee. In that case, the employer obtained review by this court by writ of certiorari. The employer argued that $500 received by the employee as settlement of damages from the third party should have been set off against the claim according to Sec. 312 of Title 26, Code of 1940. This court found that this question had not been raised in the lower court and refused to review it on appeal.

The general rule is that the appellate court will review only questions that are raised by the record. This rule is premised on the doctrine that the trial court should first have the opportunity to rule on all points. The duty of an appellate court is to review the action of the lower court to ascertain whether or not error was committed; it is not to entertain any issue whatsoever that parties wish to raise. All reviewable matters stem solely from the record. Hamilton Motor Co. v. Cooner, supra; Southern Cement Co. v. Patterson, 271 Ala. 128, 122 So.2d 386; McElhaney v. Singleton, 270 Ala. 162, 117 So. 2d 375; State v. Moore, 269 Ala. 20, 110 So.2d 635. And it has been stated by this court that it would review a case only on the same theory that was presented to the trial court. Southern Railway Co. v. McCamy, 270 Ala. 510, 120 So.2d 695.

The issues and theory of a case are made by the pleadings. In the case at bar, the defendant by his plea has raised the issue of the statute of limitations of one year, and as an auxiliary issue whether or not there was payment of compensation within that year. The petitioner in his complaint, and the defendant in his plea in answer, refer only to payments in August and September 1958 as tolling the statute of limitations, and not to a payment in October, 1959, the month in which the judgment was rendered against the third party. The only direct reference in the pleading in the judgment against Gulf States Paper Corporation was in the defendant's plea of set-off. Whether or not the judgment against Gulf States was "payment of compensation" as to toll the statute of limitations was not properly brought to the attention of the trial court and cannot be reviewed here.

Assignment of error No. 3 is based on the theory that the trial court erred in failing to find that the wages paid to petitioner after he was unable to perform heavy work were "compensation" that tolled the statute of limitation.

This is another facet of the general question: What constitutes "compensation?" We have been cited to no case, and our search has revealed none, where the question of whether such wages constitute compensation has been decided in this jurisdiction. The decisions of other states are not in accord.

The argument of appellant is that the defendant paid the claimant his regular wages during the two brief periods of employment after injury when he was not performing the normal work load. Appellant contends that since his wages during these periods were not worth the total wages paid, part of them were a gratuity, which was "compensation" within Sec. 296 of the Code.

The cases on this question are compiled in 144 A.L.R., Annotated, page 600. There is some conflict in the authorities. Most of the differences in the decisions, however, rest in the differences in the facts involved. In other words, it may be said generally that the cases seem to recognize the same rule, but different factual situations have led to various results. The general rule seems to be that when an injured employee receives the same wage rate for lighter work after returning to his job, it is "compensation" if the employer was aware, or should have been aware, that such wages constituted compensation. Pittman v. Glencliff Dairy Products Co., 154 Kan. 516, 119 P.2d 470, 144 A.L.R. 600; Elkins v. Cambria Library Ass'n, 82 Pa. Super. 144; Hunt v. Industrial Accident Commission, 43 Cal.App. 373, 185 P. 215; Townsley v. Miami Roofing and Sheet Metal Co., Fla., 79 So.2d 785; Scalise v. Liberty Mutual Ins. Co., La.App., 84 So.2d 88. In all of these cases, the court required some "awareness," "recognition," "understanding," "acknowledgment," or "intention" on the part of the employer that the wages constitute payments of compensation, and the courts in these cases were interpreting statutes of limitations similar in substance to our own.

The appellant relies on Ingalls Shipbuilding Corp. v. Cahela, 251 Ala. 163, 36 So.2d 513, in which this court held that medical payments were compensation that would toll the statute. The reasoning of this court was that medical payments amounted to an acknowledgment by the employer that he was responsible and that the employee had a right to rely on that acknowledgment.

■ We think the correct rule for deciding the question at hand involves the issues of (1) whether the employer was aware, or should have been aware, that such payments were compensation, (2) whether the payments had the effect of recognition of the employee's claim, and (3) whether or not the evidence indicates that the employer paid for more than he received.

It is only just that under the appropriate circumstances such payment of wages constitutes compensation that will toll the statute. To hold otherwise would allow an employer to lull an injured employee into a false sense of security by paying him full wages for less than normal work. The statute of limitations would be defeated, for an employer could simply pay wages for one year and then rely on the bar to relieve him from further liability. On the other hand, this court would probably be hesitant to announce an absolute rule that wages paid under such conditions were always compensation that tolled the statute. Such an announcement would make employers who did not feel that they were liable hesitate to re-employ their injured workers.

The evidence in this case falls short of proving that the employee's work was not worth the wages that were paid simply because the employee was put on a different and lighter work when he returned and does not automatically show that a portion of the wages were unearned. There is no evidence that the employer could have gotten the lighter work done for less. The effect of the lower court's finding is that this contention of appellant was not sustained by the evidence.

■ Assignment of Error No. 4 asserts that the trial court should have found that the claimant was suffering from such a mental incapacity that the statute of limitations was tolled. The evidence in the case simply fails to sustain the assignment.

Assignment of Error No. 5 is not sufficient under Rule 1 of the Revised Rules of the Supreme Court, Title 7, Code 1940, Appendix. Meador-Pasley Co. v. Owen, 222 Ala. 392, 133 So. 35; McNutt v. Abercrombie, 17 Ala.App. 204, 84 So. 426; Brooks v. Everett, 271 Ala. 354, 124 So.2d 105.

Assignment of Error No. 6 raises a question as to the sufficiency of the finding of the trial court, specifically, the appellant says that the trial court erred by failing to find that the plaintiff was totally and permanently disabled, and that he had a wife dependent on him for support.

■ Sec. 304 of Title 26, Code 1940, provides that the judgment "shall contain a statement of the law and facts and conclusions as determined by said judge." This court in reference to this section has said that there must be a finding of every fact necessary to sustain the judgment of the court except what is admitted in answer. Bryant v. Central Foundry Co., 217 Ala. 332, 116 So. 345; Richardson Lumber Co. v. Pounders, 254 Ala. 285, 48 So.2d 228; Alabama Textile Products Corp. v. Grantham, 263 Ala. 179, 82 So.2d 204; West Point Mfg. Co. v. Bennett, 263 Ala. 571, 83 So.2d 303. It was said in the Bryant case, supra:

> " * * * The statute contemplates, not a recital of the evidence, with its conflicting lights and tendencies, but a determination by the trial judge of the facts established by the evidence, responsive to the issues presented, with the conclusion as to whether the facts found establish or fail to establish the liability asserted; and there should be a finding of every fact necessary to sustain the judgment of the court. * * *"

■■ On certiorari to review judgments in compensation cases, this court will not look to the weight of the evidence as to any fact found by the trial court, but simply to see if there is any evidence to support facts found by the trial court, and this rule applies when the award or compensation is denied as well as where there has been a judgment favorable to plaintiff. Our review here on certiorari is confined to questions of law apparent upon the face of the record. Simpson v. Alabama Dry Dock and Shipbuilding Co., 269 Ala. 635, 114 So.2d 918; Bass v. Cowikee Mills, 259 Ala. 391, 67 So. 2d 12.

There is ample evidence to support the findings of the trial court and the case is due to be, and is, affirmed.

Affirmed.

LAWSON, GOODWYN and COLEMAN, JJ., concur.