301 So.2d 174

**Jerry E. HINKLE**

v.

**SCHOTT INDUSTRIES, INC.**

**Civ. 333.**

Court of Civil Appeals of Alabama.

Aug. 21, 1974.

Rehearing Denied Sept. 25, 1974.

Coleman, Cauthen & Bibb, Decatur, for appellant.

Eyster, Eyster & Key, Decatur, for appellee.

## PER CURIAM.

On January 2, 1973 appellant, Jerry E. Hinkle, filed in the Circuit Court of Morgan County, Alabama a complaint against Schott Industries, Inc., a corporation, appellee, claiming workmen's compensation benefits for injuries sustained to his back on March 15, 1971 and to his right knee on or about March 15, 1972, the injuries to both resulting from separate accidents that allegedly occurred while he was engaged in performing duties as an employee of defendant corporation in Morgan County, Alabama. On August 23, 1973 plaintiff amended his complaint to show that the first accident occurred on February 20, 1972 instead of on March 15, 1971 as originally alleged.

The complaint contained the necessary jurisdictional allegations as to residence of the parties, the general nature of the defendant's business, etc., but did not allege that either of the parties was subject to the provisions of the workmen's compensation law, or reveal the amount of his earnings as required by statute, the omission of which the defendant made no point. The

defendant by its answer admitted that it was doing business in Morgan County, Alabama and that the relation of employer and employee existed at the time of the alleged accidents but denied all other allegations of plaintiff's complaint. The defendant also pleaded the statute of limitations of one year, and the failure of the plaintiff to give the defendant notice of his alleged accidents, as required by the workmen's compensation act. The cause was tried without a jury, after which the court filed a combined judgment and finding of fact dated September 13, 1973. Plaintiff filed a motion for new trial on October 12, 1973. The ruling, if any, on the motion for new trial is omitted from the transcript but appeal by way of application to this court for writ of certiorari was duly perfected.

Appellant has assigned twenty-three errors, most of which are addressed to the proposition that the trial judge failed to enter a finding of facts and law and his conclusions as determined by said judge. Appellant has argued only those assignments addressed to the insufficiency of the judgment of the court and has thereby waived all other assignments.

■ Our threshold and only question, therefore, is whether the judgment which was entered by the court complies with the requirements of Title 26, Section 304 of the 1958 Recompiled Code of Alabama. We have concluded that it does.

After having recited the basic facts as to the nature of the suit and certain admissions of the parties, the judgment reads: "Upon hearing the evidence the Court finds the following:" Thereafter follows a rather lengthy and detailed recitation of facts (not testimony, except in a few instances). The judgment concludes with this final finding of the court:

". . . The Court further finds that there is not sufficient corroborating evidence to sustain the claim of the plaintiff that either of the disabilities resulted from an injury by accident arising out of and in the course of his employment with the defendant. IT IS, THEREFORE, ORDERED that the plaintiff's claim be denied."

The finding of the judge that there was not sufficient corroborating evidence to sustain the claim of the plaintiff was simply another way of saying that the plaintiff had failed to meet the burden of proof that was on him to establish to the reasonable satisfaction of the court that plaintiff's injuries were caused by an accident or accidents arising out of and in the course of his employment. Having so found, that was properly the end of the lawsuit, and there was no reason why the court should have made findings on issues that had no bearing on the outcome. That the burden of proof is on the plaintiff to show that his injuries were caused by an accident or accidents arising out of or in the course of his employment is sustained by many Alabama cases, including Hardisty v. Woodward Iron Co., 214 Ala. 256, 107 So. 837.

■ The finding of fact and conclusions of the trial court, in a proceeding under the workmen's compensation act, unlike the finding in an ordinary action at law, are made conclusive as between the parties, by the statute, subject to a limited review by certiorari. Hardisty v. Woodward Iron Co., *supra*; Jackson v. Tennessee Coal, Iron & R. Co., 259 Ala. 85, 65 So.2d 167.

The foregoing opinion was prepared by Honorable T. Werth Thagard, Supernumerary Judge, serving as a judge of this court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the court.

Affirmed.

WRIGHT, P. J., and BRADLEY and HOLMES, JJ., concur.