This is a workmen's compensation case.
The employee contends that, after he had been seriously burned by an accident arising out of his job and after he had been released by his physician to commence light work, the payment of his regular wages by his employer for the performance of alleged lighter work constituted "compensation" which tolled the running of the statute of limitations under §25-5-80 of the Code (1975). In part, that code section provides that the limitations shall not be effective until the expiration of one year from the time the last compensation payment was made to the employee.
Here, the claim was clearly barred by the normal time limitation within which such a civil action must be brought, and this action cannot be maintained unless the statute was so tolled as argued by the employee. Both parties rely upon Headv. Triangle Construction Company, 274 Ala. 519, 150 So.2d 389
(1963), wherein Chief Justice Livingston spoke for the court as follows:
 The general rule seems to be that when an injured employee receives the same wage rate for lighter work after returning *Page 72 
to his job, it is "compensation" if the employer was aware, or should have been aware, that such wages constituted compensation. . . .
. . . .
 We think the correct rule for deciding the question at hand involves the issues of (1) whether the employer was aware, or should have been aware, that such payments were compensation, (2) whether the payments had the effect of recognition of the employee's claim, and (3) whether or not the evidence indicates that the employer paid for more than he received.
. . . .
 The evidence in this case falls short of proving that the employee's work was not worth the wages that were paid simply because the employee was put on a different and lighter work when he returned and does not automatically show that a portion of the wages were unearned . There is no evidence that the employer could have gotten the lighter work done for less. The effect of the lower court's finding is that this contention of appellant was not sustained by the evidence.
In this case, the evidence conflicted as to some areas pertaining to the issue, but there was an abundance of testimony from former management officials of Mead, the employer, which clearly denied that Mead was, or should have been, aware that the wages paid to Mr. Agan were compensation, or that the wages paid to him were a recognition of his compensation claim, or that Mead paid more in wages to Mr. Agan than was due to be paid for the work performed, or that anything was done, said or promised by anyone on behalf of Mead to Mr. Agan which in any manner defrauded that employee as to any claim he might have had to workmen's compensation.
After a trial before the circuit court, that court determined that the employee was barred by the statute of limitations from bringing this action. On appeal of workmen's compensation cases by means of certiorari, the scope of review is limited to questions of law and to an examination of the evidence to determine if there is any legal evidence to support the findings of the trial court; and, if such supportive evidence was before the trial court, this court is required to affirm the trial court's judgment insofar as factual matters are concerned. Falls v. Warrior Drilling Engineering Co.,399 So.2d 854 (Ala.Civ.App. 1981). Ample testimony upheld the trial court's findings, so no merit can attach to the argument of the employee upon the merits of the case.
While it is preferable in this type case that all factual findings by trial courts be expressly detailed and specific, the finding here by the trial court as to the bar of the statute of limitations impliedly ascertained that the statute was not tolled. "Having so found, that was properly the end of the lawsuit, and there was no reason why the court should have made findings on issues that had no bearing on the outcome . . ." such as whether the employee was disabled and the extent thereof. Hinkle v. Schott Industries, Inc., 53 Ala. App. 412,301 So.2d 174 (1974).
We affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code (1975) and this opinion is hereby adopted as that of the court.
Affirmed.
All the Judges concur. *Page 73