WRIGHT, Presiding Judge.
This is a workmen’s compensation case.
On May 1, 1977, Virginia Harris, while in the course of her employment at Speedee Food Mart, injured her back. She sought medical treatment from several physicians *114 and underwent surgery in June 1978. Home Indemnity Company, insurer for Speedee Food Mart, paid Mrs. Harris temporary total disability benefits until the latter part of January 1980, at which time such payments ceased. The cessation of payments prompted Mrs. Harris to contact Mr. Lonnie McCarley of Home Indemnity Company. Mr. McCarley informed her that his company would no longer pay temporary total disability benefits and that pursuant to an examination of Mrs. Harris by Dr. John Hackman, her permanent partial disability rating was ten percent. Mrs. Harris then hired an attorney to represent her on her claim. By letter dated June 23, 1980, Mr. McCarley itemized Mrs. Harris’ payments and based upon a ten percent permanent partial disability rating stated, “We owe you $1,050.79 for your permanent partial rating.” The letter went on to say that medical benefits would continue to be paid for bills directly related to the May 1, 1977, injury. The letter concluded: “Please contact me so that we may have this court approved.” Mrs. Harris did contact Mr. McCarley in late June or early July 1980, and informed him that she would consult with her attorney. With Mrs. Harris’ express permission, her attorney informed Mr. McCarley that the ten percent rating was not acceptable. By letter of July 10, 1980, upon a recomputation of payment figures, Mr. McCarley stated to Mrs. Harris’ attorney, “$1,017.05 we owe Mrs. Harris for Permanent Partial.” Mrs. Harris’ attorney replied as follows by a letter dated July 22, 1980: “[W]e cannot agree that Mrs. Harris is capable of returning to work... I do not feel that we can agree on a settlement of this case outside of litigation.” Mrs. Harris testified by deposition that she had instructed her attorney to file suit if necessary. Upon learning that he had not done so, she retained another attorney, who filed the instant suit on March 5, 1981.
Speedee Food Mart raised the one-year statute of limitations as a defense. After submission of the case on the pleadings and depositions, the trial court held that the action was barred by the statute of limitations and entered judgment for Speedee Food Mart. Mrs. Harris brings this appeal for our review by way of certiorari.
The sole issue presented is whether there was an admission of liability on the part of Speedee Food Mart so that it should be estopped to assert the statute of limitations.
Section 25-5-80, Code (1975) provides in pertinent part:
In case of a personal injury, all claims for compensation under this article and under article 2 of this chapter shall be forever barred unless within one year after the accident the parties shall have agreed upon the compensation payable ... or unless within one year after the accident one of the parties shall have filed a verified complaint. .. . Where, however, payments of compensation have been made in any case, said limitations shall not take effect until the expiration of one year from the time of making the last payment.
The commencement of the action within the prescribed time limit is an indispensable condition to the defendant’s liability and the plaintiff’s right to sue. Morgan v. Rheem Manufacturing Company, 395 So.2d 1030 (Ala.Civ.App.1981). In the instant case, Mrs. Harris received the last compensation payment for temporary total disability in January 1980.[1] Suit was not filed on her behalf until March 5, 1981, over one year later.
Mrs. Harris contends, however, that the words “we owe” contained in the letters from Mr. McCarley, constitute an admission of liability which tolls the statute. See, Langham Small Motors v. Thomas, 390 So.2d 1055 (Ala.Civ.App.), cert. denied, 390 So.2d 1058 (Ala.1980). Policy reasons for allowing the tolling of the statute of limitations in workmen’s compensation cases have been stated as follows:
*115 [W]hen acts are done by the employer which lead the employee to believe that liability under the statute is admitted and will not be contested, ... the running of the statute of limitations may be tolled, and it is immaterial whether the employee relies upon actual fraud or mere estoppel. Dorsey v. United States Pipe & Foundry Company, 353 So.2d 800 (Ala.1977).
In the instant case, it is undisputed that Mrs. Harris and her first attorney were aware of the cessation of compensation payments in January 1980. Furthermore, Mrs. Harris’ deposition and letters to Mr. McCar-ley from her attorney show, clearly, that both looked upon Mr. McCarley’s letters as offers of settlement. These offers were rejected and Mrs. Harris understood that she would bring suit to recover the compensation to which she felt she was entitled. Mr. McCarley even agreed to accept service on behalf of Home Indemnity Company. There is nothing in the record before us to indicate that Mrs. Harris was led to believe that liability was admitted or that filing suit was unnecessary.
In Floyd v. Housing Authority of the City of Troy, 397 So.2d 136 (Ala.Civ.App.), cert. denied, 397 So.2d 139 (Ala.1981), this court held similar correspondence to be merely offers of settlement. In Floyd we noted that the insurer had not said or done anything to lead the employee to believe that it was unnecessary to file suit within one year after the last temporary total disability payment. It was assumed that the employee’s attorney was aware of the period of limitations within which suit must be filed.
As we stated in Langham Small Motors v. Thomas, supra,
It is important, particularly in workmen’s compensation cases, that extra-judicial settlements be explored and reached if possible. To interpret offers to do so, as in this case, as admissions of liability would seriously deter such intercourse between parties.
On appeal of workmen’s compensation cases by means of certiorari, our scope of review is limited to questions of law and to an examination of the evidence to determine if any legal evidence exists to support the finding of the trial court. Agan v. Union Foundry Company, Inc., 404 So.2d 71 (Ala.Civ.App.1981). In the instant case, the trial court’s finding that Speedee Food Mart should not be estopped to assert the statute of limitations is amply supported by the record. Judgment for Speedee Food Mart was proper.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.

. Unlike compensation payments, medical payments do not toll the statute of limitations. Blackmon v. R. L. Zeigler Company, 390 So.2d 628 (Ala.Civ.App.), cert. denied, 390 So.2d 635 (Ala.1980).