RUSSELL, Judge
(dissenting).
I must respectfully dissent. While the courts of this state have recognized that the payment of full pay for lighter work may constitute “compensation” for purposes of tolling the statute of limitations, the differences in the decisions in cases involving this issue have rested largely on the differences in the fact- situations. Head, 274 Ala. 519, 150 So.2d 389.
In the instant case I find ample evidence to support the trial court’s conclusion that the employer was not aware that its payments for “injury days” were the equivalent of compensation. Huntsville Utilities provided Fowler with such pay as a fringe benefit supplementing the statutorily mandated compensation paid to employees injured in work-related accidents. Although Fowler continued to receive full pay after being placed on lighter duty, there was evidence adduced at trial that supplemental payments were made in accordance with the employer’s well-established policy of treating all injured employees alike, by ensuring that they receive 100% of their salary regardless of whether their injury was sustained at home or on the job. The *1006 majority decision has the unfortunate effect of penalizing an employer for seeking to confer a supplemental benefit on its employees and of discouraging other employers from doing so in the future.
The standard of appellate review set out in Eastwood Foods is quite limited. There was legal evidence before the trial court that the payments to Fowler did not constitute payments of compensation. I find that a reasonable view of this evidence supports the trial court’s determination that Fowler’s claim was barred by the statute of limitations. Therefore, I would not disturb the trial court’s judgment as to this issue.