THIGPEN, Judge.
This is a workmen’s compensation ease.[1]
On July 15, 1992, Bobbie Perkins filed a complaint, alleging that she had suffered an injury on May 21,1990, while engaged in her employment with Champion International Corporation (Champion). Champion answered, pleading, inter alia, that Perkins’s action was barred by the two-year statute of limitations. Champion’s motion for a bifurcated trial to first determine the issue regarding the statute of limitations was granted. In June 1993, the trial court conducted a full evidentiary hearing, ore tenus, on the statute of limitations issue only, and in September 1994, the trial court issued its order, finding that Perkins’s claim was time-barred. Perkins appeals.
On appeal, Perkins argues that the trial court erred in finding that her workmen’s compensation claim was barred by the statute of limitations. Perkins also contends that the new standard of review, pursuant to Ala.Code 1975, § 25-5-81(e), should be applied to her case.
Perkins first argues that because only her injury preceded the May 19, 1992, amendment of the Workmen’s Compensation Act, and because the trial court proceedings were conducted after the effective date of the amendment, the new standard of review should be applied. She also argues that the trial court’s delay of over one year after the evidentiary hearing before rendering its decision, prevents this court from attaching the usual presumption of correctness to the trial court’s findings. Perkins cites no authority for these arguments; however, this court has thoroughly addressed this issue and has held that the date of the injury controls. U.S. Steel Mining Co. v. Riddle, 627 So.2d 455 (Ala.Civ.App.1993). See also U.S. Steel v. Nelson, 634 So.2d 134 (Ala.Civ.App.1993); Henderson v. Johnson, 632 So.2d 488 (Ala. Civ.App.1993); and Cummings Trucking Co. v. Dean, 628 So.2d 902 (Ala.Civ.App.1993). Furthermore, her argument regarding delay has long been settled. See Hollis v. Post, 487 So.2d 872 (Ala.1986).
Thus, applying the applicable standard of review in this case, we will “look to see if there is any legal evidence to support the trial court’s findings. If such evidence is found, then [we will determine] whether any reasonable view of that evidence supports the trial court’s judgment.” Ex parte Eastwood Foods, Inc., 575 So.2d 91, 93 (Ala.1991). Further, “[w]here one reasonable view of the evidence supports the trial court’s judgment, the judgment must be upheld, even if another, perhaps better reasoned, view of the evidence might have dictated a different outcome.” Ex parte Veazey, 637 So.2d 1348, 1349 (Ala.1993).
Perkins was employed by Champion as a bi-winder helper when she was injured on the job on May 21, 1990. Perkins testified *646 that Champion’s physician returned her to work 48 hours after she sustained her injury. Subsequently, according to Perkins, she did not work from May 30, 1990, until June 27, 1990, because of high blood pressure, which she stated she had suffered from in prior years. She stated that she received 75% of her regular wages during this period, and that on June 27, 1990, she returned to her regular work and worked at it until October 1991. Perkins testified that from late October 1991 to mid-November 1991, she was on restrictive duty and that she was continually visiting Champion’s physician, with complaints regarding her injury, after returning to work in June 1990. She testified that over a year after her injury, she was evaluated by the other physicians to whom she was referred by Champion, and that she was informed by Champion, around mid-November 1991, that she did not have an occupational or work-related injury.
Perkins admitted that she worked another week on restrictive duty after being informed by Champion that her non-occupational injury was not covered by workmen’s compensation. She stated that she had no intention of filing a lawsuit or a written claim for workmen’s compensation benefits after being informed by Champion that she was not covered by workmen’s compensation. She further testified that she worked only a few days in January 1992, that she has not worked since that time, and that she received 75% of her base pay until June 1992 for a non-occupational disability. Perkins testified that she filed her workmen’s compensation lawsuit after these payments ceased.
Perkins testified that she consulted with doctors that were not on Champion’s list of approved doctors for work-related injuries. Further testimony revealed that one of these doctors stated in a letter that Perkins could return to work in June 1992, while another one of these doctors indicated that she could return in September 1992. Perkins’s employment with Champion was terminated in September 1992 after she refused to return to work.
Two of Perkins’s co-workers testified that while Perkins was on restrictive duty, although Perkins was present at her workplace, she did no work whatsoever, while receiving full pay. Perkins testified that Francis McMurray, a foreman, told her that she could not do anything while on restrictive duty. She also testified that she received her regular, full pay when she had a doctor’s appointment, and that Champion often provided her transportation for doctor visits.
McMurray testified that employees on restrictive duty were used for general clean-up purposes, and that he did see Perkins performing such tasks while she was on restrictive duty. McMurray testified that it was not Champion’s policy for people on restrictive duty to do nothing, and that employees on restrictive duty were paid regular wages because of union contract requirements. McMurray testified that the general policy of Champion was to permit its employees to leave work for a doctor’s visit and still receive full pay, when the visit was related to an on-the-job injury.
Perkins specifically argues, on appeal, that the full wages paid to her, while she was on restrictive duty, and on several doctor’s visits, constituted workmen’s compensation benefits, and that the payment of those wages tolled the statutory period of limitations.
An injured employee must file a complaint seeking workmen’s compensation benefits within two years after the date of the injury, or any claim for compensation shall be forever barred; however, where “payments of compensation have been made in any case, said limitations shall not take effect until the expiration of two years from the time of making the last payment.” Ala. Code 1975, § 25-5-80. Furthermore, Alabama courts “have long recognized that the payment of full pay for lighter work may constitute the payment of compensation that will toll the statute of limitations.” County of Mobile v. Benson, 521 So.2d 992, 994 (Ala.Civ.App.1988). Our Supreme Court established the rule regarding the determination of whether wages constitute compensation as follows: “(1) whether the employer was aware, or should have been aware, that the payments were compensation, (2) whether the payments had the effect of recognition of the employee’s claim, and (3) whether or not the evidence indicates that the employer *647 paid for more than he received.” Head v. Triangle Construction Co., 274 Ala. 519, 523, 150 So.2d 389, 393 (1963); see also Godwin v. Scott Paper Co., 571 So.2d 1126 (Ala.Civ.App. 1990). The purpose of this rule is to prevent an employer from lulling an employee into a false sense of security by paying him full wages for less work and then relying on the statute of limitations for relief from further liability. Head, supra.
It is undisputed that Perkins was paid full wages for less work, or lighter work, while on restrictive duty for approximately three weeks. Champion presented undisputed testimony that the union contract required the company to pay an employee on restrictive duty the same wages the employee received before being placed on restrictive duty. Even assuming, arguendo, that Perkins met the third prong of the test, that is, that Champion paid for more than it received, she has failed to meet the other two prongs of the test.
Shortly after returning to work from her injury, Perkins took a leave of absence for almost four weeks because of her high blood pressure. During this period she received non-oceupational disability pay, and she did not contend that these payments constituted a payment of compensation that would toll the running of the statutory limitations period, nor did she contend that her absence was related to her work-related injury. After this leave, Perkins returned to her job, performing her regular duties for well over a year before being placed on restrictive duty for approximately three weeks in October 1991. Perkins testified that in November 1991, after Champion had received medical reports from Perkins's physicians, she was advised by Champion that she did not have an occupational injury and that she was not covered under the Workmen’s Compensation Act.
A reasonable view of this evidence supports a determination that the payment of full wages while Perkins was on restrictive duty was not a recognition of Perkins’s claim, and that Champion was not aware, and had no reason to be aware, that the payments were compensation. Perkins testified that, in November 1991, at least three of Champion’s supervisors told her that her condition was not work-related and that she was not entitled to workmen’s compensation benefits. Clearly, Champion made no attempt to lull Perkins into a false sense of security. Ample record evidence supports the trial court’s judgment, and therefore, it is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE and CRAWLEY, JJ., concur.

. The review of this case is governed by Ala.Code 1975, § 25-5-1 et seq., the Workmen's Compensation Act, which was in effect before the amendments of May 19, 1992.