L. CHARLES WRIGHT, Retired Appellate Judge.
On January 5, 1995, Dera Lee Holland filed a complaint in the Marshall County Circuit Court, seeking workmen’s compensation benefits from her former employer, The Lee Company. Lee answered, asserting various defenses. On March 22, 1996, following oral proceedings, the trial court entered a judgment, stating, in pertinent part:
“This action seeks workmen’s compensation benefits and was submitted upon the pleadings, proof, and stipulation of the parties.
“In accord with said stipulation, the court finds as follows: That the parties had the status of employer-employee and were subject to-the Workmen’s Compensation Laws of the State of Alabama at all times in issue herein; that on or about March 11, 1992, [Holland] suffered a bilateral injury as a result of her employment; that [Holland] gave notice of the injury to [Lee] as provided by law; that [Holland’s] average weekly wage, including fringe benefits, was $210.58. [Holland] received [workmen’s] compensation benefits from July 19,1993, to'January 20,1994, a period of 27 weeks, at a rate of $116.47 each week. [Holland] last worked for [Lee] on April 14, 1995, and her health insurance coverage, ($34.54 per week), was terminated as of October 31,1995. All other fringe *20 benefits afforded [Holland] by [Lee], ($1.33 per week),- -will cease on April 14, 1996.
“From the evidence submitted, the court further finds that [Holland] is fifty-two years of age; ... that she ... graduated from high school but has received no further scholastic education or specialized training. She began working for [Lee] some fourteen or fifteen years prior to her termination on April 14, 1995. [Her] employment with [Lee] consisted of all production work, using her hands and wrists in high speed repetitious movements]. [Holland previously] worked at a dry cleaners ... for a short time and worked at Sears in storage, shipping, and display for eight years. She [testified] that this work required pushing and lifting but was not high speed and repetitious.
“As noted, in March 1992, [Holland] developed carpal tunnel syndrome in both wrists_ [She] was sent to Dr. Rode-rique, who performed a release on her left hand on March 19, 1992. Two months later, on May 11, 1992, [Holland] underwent surgery for a carpal tunnel release upon her right hand. Following these surgeries, [Holland] continued to experience pain and swelling in both extremities.
“In June 1992, [Holland] returned to light duty work and in August was returned to regular duty; however, she continued to experience pain in her wrists.
“On February 12, 1993, [Holland] was seen by Dr. Sharon Colgin, who specializes in hand and microsurgery. Dr. Colgin, upon examination, was of the opinion that there had been an incomplete release of the right median nerve in the past surgery or that scarring from the surgery was pressing on the nerve. On July 19, 1993, Dr. Colgin performed a surgical procedure on [Holland’s] right hand to attempt to resolve the pain and weakness about which [Holland] was complaining.... [Fallowing this surgery, [Holland] experienced significant swelling and stiffness in her [right] wrist and fingers. [Holland] underwent physical therapy for a period of nine months and Dr. Colgin testified that she ‘was shocked that [Holland] was ever able to go back to work. She worked very hard.’ (depo. p. 13).
“On January 20, 1994, [Holland] returned to work; however, she was involved in an automobile accident, the injuries of which required her to be out of work for about nine weeks. She returned to work on May 31,1994, until February 6,1995, at which time she had a hysterectomy. She reached maximum medical improvement in August 1994.
“Dr. Colgin [testified] that both the automobile accident and the hysterectomy and the resulting inactivity set her progress back. [Holland] returned to work on April 3, 1995; however, she [testified] that the pain in her hands was unbearable.
“[Holland’s] employment was terminated on April 14,1995, and she has not attempted to work nor [has she] applied for employment since that date. Although Dr. Colgin testified that [Holland] reached maximum medical improvement, [Holland] then developed tendinitis in her elbow, received further treatment for such, and returned to the stage of maximum medical improvement in May 1995. Dr. Colgin has referred [Holland] to a psychiatrist and recommends that [Holland] use her hands and exercise as much as possible. [Dr. Colgin] last saw [Holland] in either November 1995, or January 1996, the date being uncertain.
“[Holland testified] that she has to lift with both hands and that she drops things; that holding the [telephone] makes her hand numb; that the pain goes into her arms and shoulders; that she does not sweep [or] do much cleaning of her house. She does not vacuum due to the vibration. She further [testified] that when the weather is bad, the pain is severe, but some pain is always present. [Holland] can drive an automobile.
“The court finds the testimony of [Holland] credible and that her condition renders her permanently and totally disabled and having totally and permanently lost her ability to earn a living.”
The trial court awarded benefits accordingly and awarded Holland’s attorney a 15% fee and his expenses. On April 8, 1996, *21 Holland filed a motion to amend the judgment, seeking a lump-sum attorney fee award from her future benefits. On April 17, 1996, Lee filed a motion to alter, amend; or-vacate the judgment or, in the alternative, for a new trial. On May 22, 1996, the trial court denied Lee’s motion; however, the trial court granted Holland’s motion. The trial court awarded Holland’s attorney a fee of $14,826.24 from Holland’s future workmen’s compensation benefits, based on Holland’s life expectancy of 27.82 years.
Lee appeals, raising two issues: (1) whether the trial court erred in finding Holland to be permanently and totally disabled and (2) whether the trial court erred in awarding Holland’s attorney a lump-sum attorney fee without reducing Holland’s weekly benefits.
Lee first argues that because Holland filed her action after August 1, 1992, the new standard of review should be applied. “[Hjowever, this court has thoroughly addressed this issue and has held that the date of the injury controls.” Perkins v. Champion Int’l Corp., 659 So.2d 644, 645 (Ala.Civ.App.1995) (citations omitted). Holland’s injury occurred on March 11, 1992; therefore, the old standard of review applies.
In a workmen’s compensation case, this court’s review is limited to a determination of whether there is any legal evidence to support the trial court’s conclusions. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991). If a reasonable view of the evidence supports the judgment of the trial court, this court must affirm that judgment, even though, a better-reasoned view of the evidence dictates a different result. Ex parte Veazey, 637 So.2d 1348 (Ala.1993).
The test for permanent total disability is the inability to find gainful employment. Bidermann Industries Corp. v. Peterson, 655 So.2d 997 (Ala.Civ.App.1994). Total disability does not mean entire physical disability or absolute helplessness. Id. It is the duty of the trial court to make some determination as to the extent of disability. Bidermann. In making the determination, the trial court must consider all the evidence, including its own observations, and interpret it to its own best judgment. Id.
The judgment of the trial court accurately sets forth the facts of this case. In reviewing the record with the attendant presumptions, we find that a reasonable view of the evidence supports the trial court’s discretionary conclusion that Holland was permanently and totally disabled. Ex parte Veazey.
With regard to the trial court’s award of a lump-sum attorney fee without a corresponding reduction in Holland’s future weekly benefits, our supreme court, in Ex parte St. Regis Corp., 535 So.2d 160 (Ala.1988), held that a trial court that awards a lump-sum attorney fee for future benefits must calculate the present value of the future compensation, must reduce that amount by the amount of the lump-sum attorney fee, and must calculate the amount of weekly benefits that an employee is entitled to during the period of his or her life expectancy. Therefore, we conclude that the trial court erred in awarding Holland’s attorney a lump-sum attorney fee without a corresponding reduction in the amount of Holland’s future weekly benefits.
Accordingly, we affirm that portion of the judgment that finds Holland to be permanently and totally disabled. We reverse that portion of the judgment of the trial court awarding Holland’s attorney a lump-sum attorney fee without reducing Holland’s future weekly benefits, and we remand this cause to the trial court for compliance with Ex parte St. Regis Corp., supra, in the calculation of a lump-sum attorney fee and a reduction in Holland’s future weekly benefits.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
YATES, MONROE, CRAWLEY, and THOMPSON, JJ., concur.
ROBERTSON, P.J., concurs in part and dissents in part.