This is a workmen's compensation case.
The Circuit Court of Russell County denied benefits to the employee and the employee, through able counsel, appeals. We affirm.
The dispositive issue on appeal is whether there is any legal evidence to support the finding of the trial court.
The following, as revealed by the record, is pertinent:
In October, 1977, the employee suffered a stroke which rendered her totally and permanently disabled. The attack occurred several minutes after the work shift had ended and while the employee was still on company property.
The employee had experienced high blood pressure for a number of years prior to the stroke and took medication for her condition. In addition, she was a rather corpulent woman being slight in stature and weighing in excess of two hundred pounds.
For approximately ten years the employee had worked in the employer-cotton mill. The employee regularly performed duties in the "draw-in" room and on occasion in the *Page 205 
"weave" room. On the day of the stroke the employee worked in the weave room. This work consisted in part of starting up looms when they stopped by turning a wheel mechanism. This task was sometimes strenuous, but a male employee was available to perform the task when the wheels were especially difficult to turn.
After suffering the stroke the employee filed for workmen's compensation benefits claiming total disability and claiming that her stroke was caused by her employment.
In its order the trial court found that the employee's stroke was not caused by her employment. In making its determination of causation, the trial court relied upon Newman Brothers, Inc.v. McDowell, Ala. Civ.App., 354 So.2d 1138, cert. denied,354 So.2d 1142 (Ala. 1978); and City of Tuscaloosa v. Howard,55 Ala. App. 701, 318 So.2d 729 (1975). The standard of causation stated in the trial court's decree was that the employee was not exposed to a danger or risk materially in excess of that to which people not so employed are exposed.
The trial court further stated in its order that the employment did not precipitate or contribute to the stroke. This determination was based upon a review of the evidence taken ore tenus and depositions of medical doctors.
On appeal, as we perceive it, the employee first contends that Howard, supra, is inapplicable in this instance and thatNewman, supra, controls. Further, the employee contends thatNewman, supra, should be read to mean that legal causation is satisfied in this instance if the employee while at work exerted or strained herself in the performance of her normal duties and that this work was a contributing factor in producing her injury. The employee concludes that the trial court applied an incorrect standard of causation and therefore reached an erroneous result. We do not agree.
We do not feel that Newman, supra, made any substantive change in the requirements for causation as set out in Howard,supra. That is, as Presiding Judge Wright stated in these cases, there are two distinct tests which must be met to establish causation: legal and medical.
To establish legal causation the employee must show that in the performance of her duties she was exposed to a danger or risk materially in excess of that to which people not so employed are exposed. Put another way, she must demonstrate that in the performance of her job she had to exert or strain herself or was exposed to conditions of risk or hazard and she would not have strained or exerted herself or been exposed to such conditions had she not been performing her job. To establish medical causation the employee must show that the exertion or strain or the exposure to conditions was, in fact, a contributing cause of her injury. Both of these tests must be satisfied before the employment can be said to have caused the injury. Newman, supra; Howard, supra.
We find the trial court correctly relied upon the controlling authority in this instance and did not commit reversible error in stating the standard to be applied.
Turning now to the dispositive issue, we note that the only method of review in workmen's compensation cases is by certiorari. § 25-5-81, Code of Ala. 1975. Under this standard of review, this court does not look to the weight of the evidence as to any fact found by the trial court, but looks to see if there is any evidence to support the facts which the trial court found. Mobile Paint Mfg. Co. v. Crowley,56 Ala. App. 673, 325 So.2d 182 (1975). If any reasonable view of the evidence supports the conclusion of fact made by the trial court and the correct law was applied to such facts, we will not disturb the trial court's judgment. Howard, supra.
As indicated above, the trial court found that the employee's job did not cause her stroke. To establish legal causation the employee testified that on the day of the stroke she was required to work strenuously in pulling on the loom wheels a number of times, that the weave room was hot which caused her to perspire, and that she was told that she would be automatically fired if she missed any more work which made her *Page 206 
nervous and upset. However, there is other evidence in the record to indicate the contrary. That is, there is evidence that the job performed by the employee on the date in question was not strenuous, that the weave room was centrally air-conditioned, and that the employee's emotional stress and strain was not work-related, and that she had not in any way been singled out by her supervisors for harassment.
In order to establish medical causation, the employee presented depositions of medical doctors who stated that the employee's job could have contributed to her stroke. These same depositions also indicated that other factors such as high blood pressure, obesity and heredity were most likely causes of the stroke. That is, some of the medical evidence indicated that the employee's job was not necessarily a cause of her stroke.
Thus, as seen from the above, there is competent evidence to sustain the trial court's finding that the employment did not precipitate or contribute to the employee's stroke.
This court should not be understood as necessarily finding that there is no evidence to support a contrary result. Only that under the appropriate standard of review there is evidence to support the trial court's conclusion.
The employee next contends that the trial court failed to set out a sufficient statement of the facts as required by §25-5-88, Code of Ala. 1975. We do not find merit in this contention.
It is the duty of the trial court to make sufficiently detailed findings of fact so that the appellate court can determine whether the judgment is supported by the facts.Reynolds v. Kirby, 273 Ala. 252, 139 So.2d 341 (1962). Substantial compliance with this section will suffice. Calvertv. Funderburg, 284 Ala. 311, 224 So.2d 664 (1969).
In this instance, our review of the record reveals substantial compliance with § 25-5-88 and, hence, no reversible error.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.
 ON REHEARING
In her application for rehearing, employee, through able counsel, has called to this court's attention the following statement contained in our opinion: "These same depositions also indicated that other factors such as high blood pressure, obesity and heredity were most likely causes of the stroke."
Upon reflection, this court is of the opinion the above could be misleading. Therefore, in lieu of the quoted section of the opinion, the following is substituted: "These same depositions also indicated that high blood pressure, obesity, and heredity could have been contributing factors in causing the stroke."
ORIGINAL OPINION EXTENDED AND APPELLANT'S APPLICATION FOR REHEARING OVERRULED.
WRIGHT, P.J., and BRADLEY, J., concur.