WRIGHT, Presiding Judge.
This is a workmen’s compensation case.
Appellant Grace Rhett was employed by appellee Southland Broilers, Inc. On or about August 13, 1979, she was injured while working at Southland when a fellow employee dropped a frozen chicken on her feet, causing her to fall into a drain and break her left foot in three places. As a result appellant claims to be crippled and permanently injured.
Rhett received workmen’s compensation payments from St. Paul Fire and Marine Insurance Company from the time of her injury until September 24, 1979. Rhett returned to work on that date and continued to work until January 9, 1980, when she again left work and again received benefits, this time until May 19, 1980. Rhett claims that she was induced to return to work on May 19 by the appellee’s promise that she would be given lighter and different work at the same wage rate. Rhett continued to work for appellee until her dismissal April 3, 1981.
On December 18, 1981, appellant filed suit against appellee seeking to recover sums due her under Alabama’s Workmen’s Compensation Law on account of her disability from the injury of August 18, 1979. Appellee answered by filing a Rule 12(b)(6), A.R.Civ.P., motion to dismiss, accompanied by an affidavit. On February 24, 1982, appellant filed an amended complaint accompanied by affidavits, which appellee answered by filing another Rule 12(b)(6) motion to dismiss, also accompanied by affidavit. That motion was granted on March 24, 1982.
On April 9, 1982, appellant’s motion to reconsider was denied. Appellant appeals the court’s final judgment granting appel-lee’s motion to dismiss.
*127 Under Rule 12(b), A.R.Civ.P., because matters outside the pleadings were considered by the court in making its decision, the Rule 12(b)(6) motion to dismiss will be treated as a Rule 56 motion for summary judgment. As such, we must determine on review whether there exists any genuine issue of material fact and, if not, whether the substantive law was correctly applied. Rule 56, A.R.Civ.P.; Watts Construction Co. v. Cullman County, 382 So.2d 520 (Ala.Civ.App.1980). In making this determination we must look to the same factors which the court below considered in ruling on the motion. Folmar v. Montgomery Fair Co., 293 Ala. 686, 309 So.2d 818 (1975).
The issue presented on this appeal is whether or not appellant presented, by her affidavits, the facts necessary to establish that the wages paid her between May 19, 1980, and April 3,1981, constituted compensation under our statute, so as to toll the running of the limitations period. The ap-pellee raised the defense of the statute of limitations and supported it by affidavit. It then became the responsibility of the appellant to show, by affidavits or otherwise, facts which would operate to toll the statute. 3 W. Barron & A. Holtzoff, Federal Practice and Procedure § 1245 (rules edition, revised by C. Wright, 1958). The facts necessary to toll the statute were set out in Head v. Triangle Construction Co., 274 Ala. 519, 150 So.2d 389 (1963).
Appellee moved to dismiss the claim based on the fact that more than one year had passed since appellant had received her last check from St. Paul Fire and Marine Insurance Company. Section 25-5-80, Code 1975, states that the statute of limitations period for workmen’s compensation cases is one year after the accident. “Where, however, payments of compensation have been made in any case, said limitations shall not take effect until the expiration of one year from the time of making the last payment.” § 25-5-80, Code 1975.
Appellant amended her complaint and submitted affidavits alleging that she had returned to work on May 19, though not recovered from her injury and resultant surgery, because of appellee’s promise of lighter work at the same Wage. She averred that her employer knew of her condition and that she was unable to perform her regular job. Appellant contends that lighter work for the same wages constitutes compensation which tolls the running of the statute. Appellant relies on Head v. Triangle Construction Co., supra, in support of her contention.
In Head, the court stated the general rule: “The general rule seems to be that when an injured employee receives the same wage rate for lighter work after returning to his job, it is ‘compensation’ if the employer was aware, or should have been aware, that such wages constituted compensation.” 274 Ala. at 523, 150 So.2d 389. The court stated three issues relevant in a court’s determination of whether wages constitute compensation:
“(1) whether the employer was aware, or should have been aware, that such payments were compensation,
(2) whether the payments had the effect of recognition of the employee’s claim, and
(3) whether or not the evidence indicates that the employer paid for more than he received.” Id.
Although the appellant relies on Head as support for her contention that the wages paid her constituted compensation, it is important to note that the court in Head held that the wages paid in that case did not constitute compensation.
Employer’s affidavit in response to that of appellant traverses and disputes the allegations of appellant. Thus, there is presented a factual conflict as to whether there was a tolling of the statute of limitations. In the presence of such a conflict a dispute of material fact exists. Summary judgment or dismissal was therefore improper and requires reversal and remandment for the taking of evidence as to whether there was a payment of compensation tolling the statute of limitations. Smith v. American Cast Iron Pipe Co., 370 So.2d 283 (Ala.1979); Head, supra; Rule 56 A.R.Civ.P.
*128 REVERSED AND REMANDED WITH DIRECTION.
BRADLEY and HOLMES, JJ., concur.