This is a workmen's compensation case.
The employee, formerly a deputy sheriff in the Mobile County Sheriff's Department, brought suit against his former employer for workmen's compensation benefits due to a back injury alleged to have arisen from two work-related accidents. The trial court entered a judgment, finding that the employee was permanently and totally disabled. The trial court determined that the employee's earlier accident, which occurred in September 1983, had contributed to 90% of his disability and that the second accident in October 1984 had contributed to 10% of his disability.
The employer appeals. We affirm in part and reverse and remand in part.
A recitation of the following facts from the record is necessary for an understanding of the employee's rather complicated medical history.
The employee began working as a deputy sheriff for the employer in 1960. At the time of the two accidents which are the subject of this appeal, the employee basically had a desk job — issuing pistol permits — due to prior injuries to his leg which rendered him partially disabled.
In September 1983 while in the employer's offices, the employee fell on his back on the carpet and injured his back. It is undisputed that this accident occurred in the course of the employee's employment. For this injury the employee was treated by his orthopedic doctor and that doctor's physical therapist on numerous occasions throughout the end of 1983 and 1984. He continued his desk job, however, after an absence from work of approximately two months following the accident.
The employer provided the employee with transportation to and from work and had apparently done so since some time in 1982. One morning in October 1984 the employee fell while attempting to get into the squad car which had come to his home to pick him up for work. Following this *Page 994 
accident he was treated by his doctor and physical therapist. He apparently told them that he had hurt his left arm and the left side of his back in his fall.
Approximately two months following his second accident, in December 1984, the employee stopped working for the employer. His doctor opined that he was permanently and totally disabled.
 I
With regard to the earlier of the two accidents — the one occurring in September 1983 — the employer makes only one contention on appeal — that the employee's complaint for workmen's compensation is barred by the then one-year statute of limitations applicable to the workmen's compensation claims.
Under Ala. Code (1975), § 25-5-80 (1986 Repl. Vol.), the one-year limitations period begins to run from the date of the accident or, if "compensation" is paid, from the date the last compensation payment was made. In other words, the payment of compensation to the employee will toll the running of the statute of limitations so that the limitations period does not begin running until the last compensation payment is made.
The employee contends, and the trial court found, that the statute of limitations was tolled by the employer's payment of compensation to him in the form of full pay for less work during 1984. We agree.
In Alabama our courts have long recognized that the payment of full pay for lighter work may constitute the payment of compensation that will toll the statute of limitations.Head v. Triangle Construction Co., 274 Ala. 519, 150 So.2d 389
(1963); Rhett v. Southland Broilers, Inc., 421 So.2d 126
(Ala.Civ.App. 1982). For such wages to toll the running of the statute of limitations depends upon three factors:
 "(1) whether the employer was aware, or should have been aware, that such payments were compensation, (2) whether the payments had the effect of recognition of the employee's claim, and (3) whether or not the evidence indicates that the employer paid for more than he received."
Head, 274 Ala. at 523, 150 So.2d at 393. See Rhett, 421 So.2d at 127.
There is evidence in the record which indicates that the employer paid for more than it received during 1984. During that year the employee took time off on thirty-four different occasions to go to his treating physician or physical therapist due to his back injury. On these occasions the employer had to get another deputy sheriff to fill in for the employee. The employee's pay was never docked, and his sick leave and vacation time were not reduced as a result of these thirty-four absences from work.
There is also evidence that the employer was aware or should have been aware that the payment of full pay to the employee constituted compensation and that the payments had the effect of recognizing the employee's claim. The record reflects that the employee's supervisor knew of the employer's decision not to dock the employee's pay or to reduce his sick leave or vacation time due to his frequent absence from the office. In addition, the employee testified, "Well, I was told that every visit I made to the doctor during the year [1984] was workmen's compensation payment."
The employer points out certain conflicting evidence as to the nature of the employee's pay during 1984. Such evidence could support a different decision by the trial court that the employee's 1984 wages did not constitute compensation that tolled the statute of limitations.
This court, however, is not at liberty to weigh the evidence or resolve the conflicts. Such was the duty of the trial court, and, that court having resolved such conflicts and entered its judgment, the case is now before this court on certiorari.See Ala. Code (1975), § 25-5-81(d). On certiorari, our review is quite limited. If there is any legal evidence which supports the trial court's findings and conclusions, we must affirm.American Automobile Insurance Co. v. Hinote, 498 So.2d 848
(Ala.Civ.App. 1986); Lowe v. Walters, 491 So.2d 962
(Ala.Civ.App. 1986). *Page 995 
Our review of the record, as set forth above, reflects that there is clearly legal evidence which supports the trial court's determination that the statute of limitations was tolled due to the employer's continuing to give the employee full pay for less work following the September 1983 accident.
In view of the above, our consideration of the parties' other contentions regarding possible bases for the tolling of the statute of limitations is pretermitted.
 II
The employer also disputes on appeal the trial court's determination that the employee's later accident, his fall while getting into the sheriff's car in October 1984, contributed to ten percent of his permanent total disability. Specifically, the employer contends that the evidence does not establish that the October 1984 accident caused the employee's disability.
To establish that he is entitled to workmen's compensation, the employee must meet two tests of causation — legal and medical. Ragland Brick Co. v. Campbell, 409 So.2d 443
(Ala.Civ.App. 1982); Fordham v. Southern Phenix Textiles, Inc.,387 So.2d 204 (Ala.Civ.App.), cert. denied, 387 So.2d 206 (Ala. 1980).
 "To establish legal causation the employee must show that in the performance of [his] duties [he] was exposed to a danger or risk materially in excess of that to which people not so employed are exposed. Put another way, [he] must demonstrate that in the performance of [his] job [he] had to exert or strain [himself] or was exposed to conditions of risk or hazard and [he] would not have strained or exerted [himself] or been exposed to such conditions had [he] not been performing [his] job. To establish medical causation the employee must show that the exertion or strain or the exposure to conditions was, in fact, a contributing cause of [his] injury. Both of these tests must be satisfied before the employment can be said to have caused the injury."
Fordham, 387 So.2d at 205.
The employer contends that both types of causation are lacking as to the employee's October 1984 accident. We find it necessary, however, to discuss only one — medical causation. Because there is no evidence to establish medical causation, we must reverse the decision of the learned trial judge as to the October 1984 accident.
To establish medical causation, the employee must show that the accident caused (or was a contributing cause of the injury for which compensation is sought. See Valley Steel Constructionv. Prater, 479 So.2d 1259 (Ala.Civ.App. 1985). Medical causation must be established through medical testimony, i.e., the testimony of doctors. Campbell, 409 So.2d 443.
The only medical testimony in this case is the deposition testimony of Dr. Robert Zarzour, the employee's treating physician, and Dr. Henry Mostellar, who examined the employee on only one occasion apparently at the request of the employer or its insurance carrier. Neither one of these doctors gave testimony which showed that the October 1984 fall from the squad car was a contributing cause of the employee's permanent total disability.
Dr. Mostellar, who examined the employee approximately four months before the October 1984 accident even occurred, declined to give his opinion as to the effect of that accident on the employee's disability.
Dr. Zarzour testified with regard to the October 1984 fall: "In my opinion, it certainly didn't improve his back condition. And I don't really feel like in the long run it had any effect on his back condition." In response to the question by counsel for the employer of whether the employee was totally and permanently disabled prior to the fall from the sheriff's car, Dr. Zarzour stated, "I'm trying to think back to my opinion at that time. I believe basically I felt that he should have retired before he did and that he was disabled before he — before the sheriff's car incident." *Page 996 
Thus, not only was there no medical evidence that the October 1984 accident was a contributing cause of the employee's permanent total disability, but there was such evidence to support just the opposite finding, i.e., a finding of 100% permanent total disability as a result of the September 1983 injury.
In fact, the trial court stated in its own findings of fact that "Dr. Zarzour testified that the Plaintiff was one hundred percent (100%) permanently totally disabled as a direct result of his September 14, 1983, injury suffered while working as a Deputy Sheriff." The trial court then made the apparently conflicting conclusion that the October 1984 injury had contributed to ten percent of that permanent total disability.
Because there is no medical evidence to support that conclusion, that part of the trial court's judgment is due to be reversed.
While it is unnecessary to our decision in this case, we note that the employer additionally contends that the trial court's judgment is due to be reversed because it does not meet the requirement of Ala. Code (1975), § 25-5-88, that it "contain a statement of the law and facts and conclusions as determined by said judge."
It is well established that substantial compliance with §25-5-88 is sufficient. Hinote, 498 So.2d 848; Benefield v.Goodwill Industries, 473 So.2d 505 (Ala.Civ.App. 1985). Moreover, where the trial court's findings are meager or omissive, this court may simply refer to the record itself to determine if the judgment should be upheld. Hinote,498 So.2d 848; Benefield, 473 So.2d 505.
The learned trial judge in this case rendered a six and one-half page "Findings of Fact, Conclusions of Law and Final Judgment." We find that at a minimum this document substantially complies with the requirements of § 25-5-88 and would not be grounds for reversal.
The above is dispositive of the contentions of both parties, and further comments would be unnecessary.
This case is due to be affirmed in part and reversed and remanded in part for entry of a judgment not inconsistent herewith.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
BRADLEY, P.J., and INGRAM, J., concur.