HOLMES, Judge.
This is a workmen’s compensation case.
The employee, a construction electrician, brought suit against his former employer for workmen’s compensation benefits due to a back injury alleged to have arisen from a work-related accident.
The trial court entered a judgment for the employee, concluding that he had suffered a 67% permanent partial disability and that he was entitled to workmen’s compensation benefits based upon such disability-
The employer appeals. We reverse and remand.
To establish that he is entitled to workmen's compensation the employee must meet two tests of causation — legal and medical. County of Mobile v. Benson, 521 So.2d 992 (Ala.Civ.App.1988); Ragland Brick Co. v. Campbell, 409 So.2d 443 (Ala.Civ.App.1982).
“To establish legal causation the employee must show that in the performance of [his] duties [he] was exposed to a danger or risk materially in excess of *1060 that to which people not so employed are exposed. Put another way, [he] must demonstrate that in the performance of [his] job [he] had to exert or strain [himself] or was exposed to conditions of risk or hazard and [he] would not have strained or exerted [himself] or been exposed to such conditions had [he] not been performing [his] job. To establish medical causation the employee must show that the exertion or strain or the exposure to conditions was, in fact, a contributing cause of [his] injury. Both of these tests must be satisfied before the employment can be said to have caused the injury.”
Fordham v. Southern Phenix Textiles, Inc., 387 So.2d 204, 205 (Ala.Civ.App.), cert. denied, 387 So.2d 206 (Ala.1980).
The employee contends that his back injury arose when he jumped into a pull box, or manhole, while doing work for the employer on November 8, 1983. The employer contends that the employee has failed to establish medical causation with regard to this alleged work-related accident. We agree.
To establish medical causation the employee must show that the accident caused or was a contributing cause of the injury for which compensation is sought. Benson, 521 So.2d 992. See Valley Steel Construction v. Prater, 479 So.2d 1259 (Ala.Civ.App.1985). Medical causation must be established through medical testimony, i.e., the testimony of doctors. Benson, 521 So.2d 992; Campbell, 409 So.2d 443.
The only medical testimony in this case was provided by the depositions of two doctors who had treated the employee, Dr. J. Clayton Davie, a neurosurgeon, and Dr. Donald Autry, an orthopedic surgeon. Each doctor testified regarding his diagnosis and treatment of the employee.
Neither doctor, however, was asked to give — and neither gave — an opinion as to whether the employee’s present disability or back condition could have been caused by the alleged pull box accident of November 8, 1983. In this instance without such testimony there is no proof of medical causation.
Because there was no medical evidence that the November 8, 1983, accident caused the employee’s present disability, this court has no choice but to reverse the judgment of the learned trial judge which awarded the employee workmen’s compensation benefits for a disability alleged to have arisen from that accident.
In view of the above, the employer’s other contentions on appeal are pretermit-ted.
This case is reversed and remanded to the trial court for entry of a judgment not inconsistent herewith.
REVERSED AND REMANDED.
BRADLEY, P.J., and INGRAM, J., concur.