This is a workmen's compensation case.
The employee brought suit against the employer for workmen's compensation benefits due to a head injury alleged to have been caused by a work-related accident.
After an ore tenus hearing the trial court determined that the employee suffered an accident, arising out of and in the course of his employment, and further found the employee to have suffered a fifty percent loss in his ability to earn.
The employee, through able counsel, appeals, and we affirm.
Viewing the record with the attendant presumptions, we find the following pertinently revealed: At the time of the "accident," the employee was fifty-seven years old. He has a sixth-grade education with no further formal education. He has been employed by the employer for six years as a laborer in the employer's warehouse. During this time the employee never complained of or exhibited any physical infirmities or disabilities.
On the day of the accident, the employee was taking a rush inventory at the top of some pallets of feed at an estimated height of eight feet. The employee testified that he heard someone make a request for assistance *Page 292 
over the loudspeaker and that as he started to get down to assist a customer he fell to the concrete floor below.
Following the fall, the employee was taken to the hospital, where he was diagnosed as having a seizure disorder. The doctor who treated the employee testified that he was not able to determine the cause of the seizures, but that it was possible for seizures to be caused by some type of trauma. The doctor further testified that any type of sharp blow or light blow in the proper place or a fall could possibly cause some type of neurological damage to cause a seizure. The doctor also testified, however, that he surmised that the employee had some sort of seizure activity and subsequently fell and sustained trauma to his head.
Subsequent to the accident, the employee testified, he suffered from severe headaches and dizziness. He stated that every time he stoops over he "feel[s] like a weight is pushing forward." He testified that he experiences this pain on a daily basis.
After the accident the employee did return to work for approximately three months until the employer advised him that he could no longer work there due to his seizure disorder. Further, although the employee's doctor opined that he would be able to work in some sort of fashion, the doctor was skeptical as to whether he could work in the same type of job as he had with the employer.
As noted above, the trial court found that the employee did suffer a work-related injury and was entitled to workmen's compensation benefits.
The employer contends on appeal that the employee failed to establish a causal connection between the employee's infirmity and the accident.
To establish that he is entitled to workmen's compensation, the employee must meet two tests of causation — legal and medical. County of Mobile v. Benson, 521 So.2d 992
(Ala.Civ.App. 1988).
 "To establish legal causation the employee must show that in the performance of [his] duties [he] was exposed to a danger or risk materially in excess of that to which people not so employed are exposed. Put another way, [he] must demonstrate that in the performance of [his] job [he] had to exert or strain [himself] or was exposed to conditions of risk or hazard and [he] would not have strained or exerted [himself] or been exposed to such conditions had [he] not been performing [his] job. To establish medical causation the employee must show that the exertion or strain or the exposure to conditions was, in fact, a contributing cause of [his] injury. Both of these tests must be satisfied before the employment can be said to have caused the injury."
Fordham v. Southern Phenix Textiles, Inc., 387 So.2d 204, 205
(Ala.Civ.App.), cert. denied, 387 So.2d 206 (Ala. 1980).
As concerns legal causation, it would appear to this court that taking inventory on top of an eight-foot stack of feed above a concrete floor exposes the employee to a risk or hazard that he would not have been exposed to had he not been performing his job. Therefore, we find that legal causation was established. Ragland Brick Co. v. Campbell, 409 So.2d 443
(Ala.Civ.App. 1982).
As concerns medical causation, the employee, in this instance, must show that the fall and resulting injury to his head caused his seizure disorder, his headaches and his dizziness, Mobile, 521 So.2d 992. Medical causation must be established through medical testimony, i.e., the testimony of doctors. Mobile, 521 So.2d 992. Further, if there is any evidence supporting the trial court's findings that the fall caused the seizure disorder, this court must accept this finding. Ragland, 409 So.2d 443.
The medical testimony in this case was provided by the depositions of two doctors who had treated the employee. One of the doctors opined that the employee had a seizure which caused him to fall and that his only injury from the fall was superficial. However, as noted above, the *Page 293 
doctors also testified that the fall and resulting impact to the head could have caused the employee's seizure disorder.See Canterbury Electric Co. v. Price, [Ms. Civ. 6446, July 27, 1988] (Ala.Civ.App. 1988).
In view of the above, there was medical testimony that the employee's injury, impact to the head, could cause seizure disorders. Therefore, medical causation was also established. We would note that from the evidence the trial court could well have concluded that medical causation did not exist. However, this it did not do, and, in view of our standard of review, we have no alternative but to affirm.Ragland, 409 So.2d 443.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.