RUSSELL, Judge.
The employee brought suit against his employer for workmen’s compensation benefits due to a knee injury alleged to have risen from a work-related accident.
After an ore terms hearing, the trial court found that, although the employee had a pre-existing knee condition prior to the April 11, 1986, accident, it did not affect his ability to perform his job normally. Also, the trial court found that the employee’s April 11, 1986, injury was work-related and arose out of and in the course of his employment and awarded benefits accordingly. The employer appeals. We affirm.
The employer’s only argument on appeal concerns medical causation. The employer contends that the employee failed to establish medical causation because there was no affirmative medical testimony that the accident complained of resulted in a new independent injury. In support of this argument the employer cites County of Mobile v. Benson, 521 So.2d 992 (Ala.Civ.App.1988). The employer contends that here, as in Benson, the case should be reversed as there is no direct medical testimony that the accident caused, or was a contributing cause of, the employee’s injury.
*809 At the outset we point out that factually, the instant case and Benson are substantially distinguishable. Here, the employee had a pre-existing knee condition. However, the trial court specifically found that such condition did not affect the employee’s ability to perform his job normally. Such was not the case in Benson. Therefore, in the instant case, any pre-existing condition that the employee had did not affect a compensation award. Blue Bell, Inc. v. Nichols, 479 So.2d 1264 (Ala.Civ.App.1985). This is so, even where the job-related injury (April 11, 1986) combined with the pre-existing condition to produce the disability. Blue Bell, Inc., 479 So.2d 1264.
We further point out that the standard set out in Benson concerning medical causation was refined in Ex parte Price, [Ms. 87-1457, February 19, 1989] (Ala.1989). There, the supreme court held that there is no invariable rule that, in all circumstances, medical causation can never be found from evidence other than that supplied by the “testimony of doctors.” “As the finder of facts, then, the trial court is authorized to draw any reasonable inference from the evidence, including conclusions of medical facts that are not within the peculiar knowledge of medical experts.” Ex parte Price, at 3.
To establish medical causation, the employee must show that the accident was a contributing cause of the injury. Fordham v. Southern Phenix Textiles, Inc., 387 So.2d 204 (Ala.Civ.App.), cert. denied, 387 So.2d 206 (Ala.1980). The test for medical causation must be determined on a case by case basis, and we must look to the totality of the circumstances in an effort to support the trial court’s conclusions. Ex parte Price, at 6.
We find that there was testimony from the employee, as well as from two physicians, from which the trial court could have concluded that the employee’s April 11, 1986, accident was a contributing cause of the employee’s injury. This is true even though the physicians’ testimony did not specify the exact percentage of disability attributable to the present injury (April 11, 1986), as opposed to the pre-existing condition.
In view of the standards of review in this case, as well as our findings, this case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.