This is a workmen's compensation case.
Plaintiff-employee, Elbert Godwin, received an on-the-job injury on August 24, 1986, while in the employment of defendant-employer, Scott Paper Company. Specifically, Godwin was struck by a piece of *Page 1127 
machinery and, as an immediate result, was unable to work for 13 days and was paid for two weeks of workmen's compensation.
This action for workmen's compensation, however, was filed on May 4, 1989. Following a hearing in which evidence was presented ore tenus, the trial court found the employee to be partially permanently disabled, with a loss of earning capacity in the amount of 25%. Godwin appeals the court's determination, asserting that the evidence establishes total permanent disability and that the court abused its discretion in not taxing all costs against the employer. The employer cross-appeals, maintaining that the action was untimely filed and, thus, was barred by the statute of limitations.
First, we will consider the timeliness of the action. Pursuant to § 25-5-80, Code 1975, an employee who received an on-the-job injury in 1984, had one year from the date of the accident, or from the date of receipt of his last compensation payment, to file his action.
Further, we note that Alabama courts have consistently held that "payment of full pay for lighter work may constitute the payment of compensation that will toll the statute of limitations." Mobile County v. Benson, 521 So.2d 992
(Ala.Civ.App. 1988). In determining whether these payments constitute such compensation, and, consequently, toll the statute, three factors are to be considered: (1) was the employer aware, or should he have been aware, that the payments were compensation, (2) did the payments have the effect of recognizing the employee's claim, and (3) did the evidence indicate that the employer paid for more than what he received? Benson.
Before we relate the evidence pertaining to these factors, it is important that we note the standard of review in a workmen's compensation case. Our supreme court recently held:
 "Our review in workmen's compensation cases is limited to a determination of whether there was any legal evidence to support the trial court's findings of fact. If any reasonable view of the evidence supports the findings of the trial court, this Court may then determine whether the correct legal conclusions have been drawn therefrom."
Ex parte Patterson, 561 So.2d 236, 238 (Ala. 1990).
The trial court's order set out several factual findings concerning the timeliness of the employee's claim. That order noted the following: plaintiff was paid for 13 days of workmen's compensation immediately following his injury; he did not work for parts of days when he had doctor's appointments; and, he was paid his regular wage when he missed work. Further, Godwin received accident and sickness benefits when he started missing work in 1986. He received these benefits for 32 weeks. As of 1988, the amount of these benefits was $275 per week. Based on this evidence, the court determined that the statute of limitations was tolled.
Specifically, the trial court's order concluded:
 "Scott Paper's repeated payments to Godwin of full pay when Godwin made trips to various physicians and missed hours from work, constituted 'compensation' under the meaning of the statute. Scott was aware, or should have been aware, that its payments were payments in lieu of compensation. Scott was clearly aware of and recognized Godwin's claim, as indicated by its attempt to take full responsibility for the claim on June 13, 1988. Further, Scott paid work[men's] compensation mileage for all Godwin's doctor visits. Scott received less work for full pay. Because Godwin received his last 'compensation payment less than one year prior to the date of filing his complaint, Godwin's complaint for work[men's] compensation benefits was timely.' " (Citations omitted.)
Applying the appropriate standard of review, we find that a reasonable view of the evidence would support a determination that Godwin received benefits in lieu of compensation that tolled the statute of limitations. Thus, we affirm the trial court's determination that the employee's action was timely. *Page 1128 
Next, Godwin contends on appeal that the trial court's determination of permanent partial disability was in error. He contends that the evidence clearly established permanent total disability.
The court received deposition testimony from several doctors and heard testimony from a vocational rehabilitation expert. One of the doctors gave Godwin a 20% impairment rating, which he testified was consistent with a 1984 injury and subsequent aggravations. Another doctor who saw Godwin testified that his complaints were partially related to his injury, but were also indicative of a lifetime degenerative condition. The vocational rehabilitation expert testified that Godwin was unemployable.
In view of this evidence, we cannot hold that the court's finding that Godwin suffered a loss of earning capacity in the amount of 25% was based on an unreasonable view of the evidence. A trial court in a workmen's compensation case is not bound by the expert testimony and may consider all the evidence, including the court's own observations, and then interpret that evidence according to its own best judgment.Wilde v. Taco Bell Corp., 531 So.2d 918 (Ala.Civ.App. 1988).
In short, we find that the evidence supports the trial court's findings and that the appropriate legal conclusions have been drawn therefrom. Patterson.
Finally, we consider Godwin's claim that the trial court abused its discretion when it failed to tax all costs against the employer. In a workmen's compensation case, the taxing of costs is a matter within the trial court's discretion and will not be reversed on appeal unless the trial court abused that discretion. § 25-5-89, Code 1975; § 12-21-144, Code 1975; B.F.Goodrich Co. v. Campbell, 445 So.2d 920 (Ala.Civ.App. 1984). The employee has cited no authority which requires the trial court to tax all costs against the employer, and we cannot determine that the costs, as taxed, reflect an abuse of discretion.
The trial court's judgment is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.