RUSSELL, Judge.
Ruby Wiggins (Wiggins), a dependent and wife of Japhus B. Wiggins (employee), brought this workmen’s compensation action against ARC, Inc. (employer), alleging that the employee, while working within the line and scope of his employment, received injuries arising out of and in the course of his employment. She also alleged that he died as a proximate result of the accident. After an ore tenus proceeding, the trial court entered an order denying Wiggins’s claim for benefits. Wiggins appeals. We affirm. ■
We note that this court’s standard of review in workmen’s compensation cases is a two-step process. First we must determine if any legal evidence supports the trial court’s findings. Then we must determine whether any reasonable view of such evidence supports the trial court’s judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991). Furthermore, the only compensable injuries under the workmen’s compensation act are those caused by an accident arising out of and in the course of the employee’s employment. § 25-5-51, Ala. Code 1975; J.C. Penney Co. v. Pigg, 544 So.2d 169 (Ala.Civ.App.1989).
The employee must meet two tests of causation — legal and medical — to establish that he is entitled to workmen’s compensation. Mobile County v. Benson, 521 So.2d 992 (Ala.Civ.App.1988). Legal causation is established by showing that he was exposed to a danger or risk in excess of that to which people not so employed are exposed. Id. Medical causation is established by showing that the exposure to the conditions caused, or was a cause contributing to, the injury. Id.; City of Tuscaloosa v. Howard, 55 Ala.App. 701, 318 So.2d 729 (Ala.Civ.App.1975).
The pertinent facts are that the employee died as the result of an acute myocardial infarction, or heart attack. On the morning of his death he was working as part of a work-crew at a Ford glass plant. The crew started work at the same job the day before and had worked for approximately twelve hours. Their job involved the removal of broken glass from underneath a large machine that was on a number of large rollers. They were removing the rollers and shoveling the glass in hot temperatures. They had to work in special suits and a mask.
The employee complained to co-workers of heartburn on the two nights prior to and the morning of his death. According to physicians’ testimony at deposition, the employee was suffering a heart attack at that time.
Dr. Gretel C. Harlan prepared the autopsy report, in which he stated that the employee died from an acute myocardial infarction due to arteriosclerotic heart disease.
Dr. William A. Hill, Jr., testified that the heart attack probably occurred six to eight hours or more prior to the time of death and that the attack was in progress when the employee arrived at work. He further opined that the employee may have had ventricular fibrillation and that his collapse and death was consistent with ventricular fibrillation or cardiac standstill. It was also his opinion that the heart attack was in no way related to the work and that a thrombosis, or closing off of an artery, caused the heart attack that killed the employee. He did not believe that the heat had any role in the heart attack because, he stated, the attack would have occurred the prior day at work if it had. He further stated that death would probably have occurred in any activity in which the employee engaged, unless the employee had received medical treatment. Whatever the activity, the employee would still have had the fibrillation or standstill.
Dr. Cooper G. Hazelrig testified at deposition that, from the descriptions in the autopsy report, he considered that the employee suffered from pre-existing coronary *1206 artery disease, which resulted in a heart attack and caused the employee’s death. The heart attack probably lasted for between twelve and forty-eight hours. It occurred prior to work, but the conditions at the job could have contributed to his death. However, he could not say whether the employee could have survived the heart attack if he had not been at work. He could not say whether bed rest would have prolonged the employee’s life, but there is a twelve to fifteen percent chance that a person will not survive a heart attack.
In its order the trial court found that the employee’s death was caused by a heart attack which occurred prior to his arrival at work and not by his work activities. It also found that he had suffered from extensive coronary disease for quite some time and that there was damage to his heart from prior heart attacks. The trial court concluded that, although the employee was exposed to hazards in excess of those to which people not so employed are exposed and that there was legal causation, the employee’s work was not the medical cause of his death. It denied the claim.
Wiggins contends that the trial court erred in its application of the law to the facts. She claims that, although the employee suffered from extensive coronary disease and was suffering a heart attack when he reported for work on the morning of his death, he had a pre-existing condition that did not keep him from performing his job and that, therefore, the award of compensation is not affected. She claims that the work “aggravated, accelerated, and combined with the heart attack” that was in progress to cause the employee’s death.
The employer responds that Wiggins did not meet the burden of proof and that a reasonable view of the evidence supports the trial court’s judgment. It states that in cases cited by Wiggins in her brief, the injury was sustained while at work, whereas in the present case the employee suffered the heart attack at some time prior to arriving for work. We agree.
The trial court’s findings must be supported by legal evidence, and a reasonable view of that evidence must support its judgment that the employee’s work was not the medical cause of his death, in other words, that there was not medical causation. Eastwood Foods, 575 So.2d 91. Dr. Hazelrig testified that the conditions at the job “could” have contributed to the employee’s death. However, there is no dispute that the heart attack occurred prior to work and that the heart attack was not caused by the work. Further, it is agreed that the employee suffered from extensive coronary disease. In addition, the autopsy report indicated evidence of prior damage to his heart, probably from minor heart attacks. Dr. Hill testified that the heart attack was not related to the work and that death would probably have occurred if the employee had not been working during the heart attack. Based on the above, we hold that there is legal evidence to support the trial court’s findings and that a reasonable view of the evidence supports its judgment.
This case is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.