RUSSELL, Judge.
Jeffrey W. Walden (employee) brought this workers’ compensation action against Glaze & Son (employer), alleging that he was injured as a result of an accident that occurred within the “line, scope, and course of his employment” and seeking to recover amounts for “reasonable medical expenses in the care and treatment of his injuries.” The employer denied the allegations and alleged that the employee’s injuries were the proximate result of the employee’s willful misconduct. The trial court entered judgment in favor of the employer, and the employee appeals. We affirm.
The standard of review in a workers’ compensation case is a two-step process. We first look to see if any legal evidence supports the trial court’s findings. If such evidence is found, then we determine whether any reasonable view of the evidence supports the judgment of the trial court. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991).
The evidence indicates that the employee was a wrecker driver, who also performed other jobs, such as mechanical repairs on automobiles. On the day of the accident, he was “on call” to respond to calls for towing service and had remained at the employer’s place of business after closing hours to work on an automobile. Although he had completed his work, the employee remained at the place of business and engaged in “wrestling” and “horseplay” with a co-employee, who had returned to the place of business with other employees and customers. During this activity, the employee fell over a floorjack, causing an injury to his leg.
As a result of the fall, the employee suffered a displaced fracture of the bones of the leg, requiring surgery and the placement of a rod to stabilize the fracture. Although the employee received his salary for a period of time, his medical bills were not paid.
The employee testified that before the injury occurred, Neil McCurdy, a co-employee, jumped on him, pushed him to the floor, and started hitting him. He further testified that McCurdy later ran into him *358 with his arms up, causing the employee to stumble over a “floorjack,” McCurdy to fall on top of him, and the injury to occur. He also testified that he had been free to leave the business after being paid for the work done on the automobile.
Jerry Elsberry, who was also on the premises, observed three separate incidents between McCurdy and the employee, which he testified were initiated by the employee.
Gary Richards, who also observed the incidents, stated that the employee was injured when he grabbed McCurdy and the employee and McCurdy fell over the jack. Richards further stated that the employee had given beer to him and to McCurdy.
McCurdy described the incidents that occurred with the employee. He stated that the employee first grabbed him and threw him to the floor, hurting his elbow and fingernail. He further testified that the employee then asked him if he was “ready for some more, big boy?”; that he told the employee that he was going home, but the employee grabbed him; and that, as they were scuffling, the employee’s foot caught in the jack, and the employee was injured as they fell.
In its order, the trial court found that the employee worked for the employer and was injured on the premises; that the employee was involved in employment activities after business hours; that the employee broke his leg while “wrestling in a playful manner and engaged in general horseplay” with McCurdy; that the employee suffered no permanent disability; that no medical expenses were proven; that there was no testimony regarding the extent that the employee was temporarily disabled past May 21; and that the employee was paid his full wages until May 31, 1991. The trial court then entered judgment in favor of the employer.
The employee first contends that the trial court erred because, he claims, it did not enter a specific determination of whether his injury was compensable under the Workers’ Compensation Act. He states that the questions of temporary and permanent disability were not an issue. He claims that the trial court’s failure to determine whether his injury arose out of and in the course of his employment and to address whether the injury was noncompensable, pursuant to §§ 25-5-36 and 25-5-51, Ala.Code 1975, as contended by the employer, makes it impossible to determine the basis of the court’s ruling and to determine whether the employer is liable for the employee’s future medical expenses. He further claims that the trial court’s judgment does not comply with § 25-5-88. Although he admits that this court may refer to the record to determine whether the trial court’s ruling should be upheld, County of Mobile v. Benson, 521 So.2d 992 (Ala.Civ.App.1988), he states that the record does not sustain the trial court’s decision.
Substantial compliance with § 25-5-88, which requires that the trial court’s judgment contain a “statement of the law and facts and conclusions as determined by said judge,” is sufficient, and this court may simply refer to the record if the findings are meager or omissive. Id.) Littleton v. Gold Kist, Inc., 480 So.2d 1236 (Ala.Civ.App.1985).
In the present case the employer alleged in its answer that the employee’s injury was the result of the employee’s own misconduct, witnesses testified that the employee initiated and participated in the incident in which he was injured, and the trial court found that the employee was injured while wrestling in a playful manner and engaged in general horseplay.
Section 25-5-51 provides that “no compensation shall be allowed for an injury or death caused by the willful misconduct of the employee.” Further, an employee who instigates or participates in horseplay, from which an injury occurs, is not entitled to compensation for the injury. McKnight v. Consolidated Concrete Co., 279 Ala. 430, 186 So.2d 144 (1966). In the present case there is evidence that the employee instigated and participated in horseplay, from which his injury occurred. In addition, there was no evidence that indicated that such horseplay was
“commonly carried on by the employees of the defendant with its knowledge or *359 consent so as to constitute a condition or incident to the employment. Otherwise stated, ‘Upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury’ is not shown. In re McNicol et al., 215 Mass. 497, 102 N.E. 697, L.R.A. 1916A, 306.”
Stockham Pipe Fittings Co. v. Williams, 245 Ala. 570, 572-73, 18 So.2d 93, 94-95 (1943) (emphasis in original). In fact, the employee admitted that his employment duties, other than being on call, were ended for the day and that he was free to go home.
We conclude that there was evidence that the employee substantially deviated from his employment during the “horseplay,” as a result of which he was injured, and that a reasonable view of that evidence supports the trial court’s judgment.
The judgment is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.