THIGPEN, Judge.
This is a workmen’s compensation case.
In May 1989, Sheila Edwards filed a complaint against Blue Mountain Industries (Blue Mountain), alleging that she was acting in the line and scope of her employment with Blue Mountain in June 1988, when she injured her back. Edwards alleged permanent disability and requested, inter alia, permanent total disability benefits or, alternatively, temporary total and permanent partial disability benefits, plus payment of all medical expenses resulting from the injury.
There was testimony that Edwards was suffering from a disease referred to as fibro-myalgia, a painful musculoskeletal disorder that produces chronic generalized aches, pains, or stiffness. Edwards asserts that her fibromyalgia was a direct result of the injury she suffered while working at Blue Mountain. Medical testimony was conflicting and the trial court entered the following order:
“The Court has reviewed the evidence and testimony in this case. However, due to the extent of the claimed disability of *451 [Edwards], and due to the fact that the disability arises substantially from what may be a medical condition rather than directly related to her on-the-job injury, and further due to the fact that the nature and extent of [Edwards’s] disability is in sharp dispute, further oral argument by counsel is deemed to be in order.... No further factual evidence will be accepted as the case is deemed submitted.” (Emphasis in original.)
Subsequently, the parties submitted medical depositions and other evidence, and the trial court entered a final judgment finding that Edwards was “obviously in distress and is at least partially disabled.” The trial court found that Edwards was a good employee, that she suffered a strain while employed by Blue Mountain, and that she first noticed symptoms of her medical condition during the recovery period following the strain. Although the trial court found that Edwards was also suffering from fibromyalgia, it determined that the condition was not work related and that to find a causal connection between the injury and the fibromyalgia required the trial court to “resort to speculation.” The trial court further found that Edwards was “fully compensated for any disability benefits to which she may have been entitled as a result of her injury, as well as any medical expenses.” Edwards appealed.
On appeal, Edwards contends that the trial court failed to apply the proper burden of proof for medical causation. Edwards contends that the trial court improperly held that she had not met her burden, based upon the disagreement of medical experts regarding the etiology of fibromyalgia and the resulting speculative element of causation. Blue Mountain asserts that a reasonable view of the evidence supports the judgment.
Our review of workmen’s compensation cases is a two-step process. The first step is to determine if there is any legal evidence to support the trial court’s findings, and, if such evidence exists, then the second step is to determine “whether any reasonable view of that evidence supports the trial-court’s judgment.” Ex parte Eastwood Foods, Inc., 575 So.2d 91, 93 (Ala.1991). For ore tenus proceedings, the above standard of review is “applicable only to the trial court’s findings of fact, not its conclusions of law.” Ex parte Cash, 624 So.2d 576 (Ala.1993).
In the instant case, we find that the record contains ample legal evidence to support the trial court’s findings and that a reasonable view of that evidence supports the trial court’s conclusion that Edwards’s back problems were caused by the incident at work and that Edwards’s fibromyalgia condition was not so caused. We therefore find that the trial court did not err in its findings.
Our next consideration is whether the trial court applied the proper legal conclusions to its factual determinations.
For an injury to be compensable under the workmen’s compensation laws, it must be caused by an accident arising out of and in the course of the employee’s employment. Ala.Code 1975, § 25-5-51. An employee must satisfy the tests of legal and medical causation to establish that he is entitled to workmen’s compensation benefits. County of Mobile v. Benson, 521 So.2d 992 (Ala.Civ.App.1988). “To establish legal causation, the employee must show that he was exposed to a risk or hazard to which he would not have been exposed had he not been performing his job.... To establish medical causation, the employee must show that the hazard or risk to which he was exposed was, in fact, a contributing cause of his injury.” Patterson v. Clarke County Motors, Inc., 551 So.2d 412, 415 (Ala.Civ.App. 1989). (Citations omitted.)
In the instant case, the trial court concluded that Edwards’s work was not the medical cause of her fibromyalgia. The evidence was undisputed that Edwards suffered an injury while working for Blue Mountain; however, there was clearly a dispute concerning whether her fibromyalgia was related to that injury. Apparently, the evidence presented did not convince the trial court that the disorder was a proximate result of the work-related injury Edwards suffered in June 1988. The voluminous record is replete with testimony of treating physicians and medical experts with the recurrent theme that the medical community does not know what actually causes fibromyalgia.
*452 The totality of circumstances in the instant case supports a finding of no medical causation. The applicable burden was that Edwards “must show that the exertion or strain or the exposure to conditions was, in fact, a contributing cause of [Edwards’s] injury.” Ex parte Price, 555 So.2d 1060, 1062 (Ala.1989). “It is in the overall substance and effect of the whole of the evidence, when viewed in the full context of all the lay and expert evidence, and not in the witness’s use of any magical words or phrases, that the test finds its application.” Price at 1063. (Emphasis in original.) “In appropriate circumstances, awards may be made when medical evidence on these matters is inconclusive, indecisive, fragmentary, inconsistent, or even nonexistent.” Price at 1062. (Citation omitted.) Based upon the evidence, the trial court determined that Edwards had not met that burden and that she had been fully compensated for any work-related injury.
The trial court’s order expressed “sympathy for [Edwards],” and this court is likewise sympathetic regarding the pain that Edwards suffers as a result of the fibromyalgia. Notwithstanding, the legal evidence clearly supports the trial court’s findings, and a reasonable view of the evidence supports its judgment.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.