ROBERTSON, Presiding Judge.
This is a workmen’s compensation ease.
On February 7, 1992, Walter J. O’Dazier filed a complaint in the Jefferson County Circuit Court, seeking workmen’s compensation benefits from his employer U.S. Steel, Fairfield Works (USX). O’Dazier alleged that on March 2, 1990,[1] he had suffered an injury to his knee that arose out of and in the course of his employment with USX.
After an ore tenus proceeding, the trial court entered a judgment in favor of USX, finding that Walter O’Dazier had not “sustain[ed] his burden of proof to entitle him to recovery under the Workmen’s Compensation Act”; that O’Dazier’s injury was not caused by an accident that arose during the course of his employment; and that he had not suffered any permanent disability.
O’Dazier appeals, contending (1) that his injury arose from an “accident” as defined by the workmen’s compensation act; (2) that he sustained an injury as the result of an accident that arose out of and in the course of his employment; (3) that he sustained a permanent disability as a result of an on the job injury; and (4) that the trial court erred in the admission of illegal evidence.
In reviewing workmen’s compensation eases, this court must first look to see if there is any legal evidence to support the findings of the trial court. If such evidence is found, then we must determine whether any reasonable view of that evidence supports the trial court’s judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991).
Because of the close relationship between O’Dazier’s first three issues regarding the trial court’s ruling on the question of whether O’Dazier suffered an accident which resulted in a compensable injury and disability that arose out of and in the course of his employment, we will address those issues together.
Section 25-5-1(7), Ala.Code 1975, provided at the time O’Dazier claims to have suffered the injury:
“Accident. Such term ... shall ... be construed to mean an unexpected or unforeseen event, happening suddenly and violently, with or without human fault, and producing at the time injury to the physical structure of the body or damage to an artificial member of the body by accidental means.”
Our Supreme Court has held that an injury does not have to manifest itself within a definite time period to be considered an accident. Ex parte Harris, 590 So.2d 285 (Ala.1991). If an employee’s job causes his or her injury, the injury is an “accident.” Harris.
Section 25-5-31, Ala.Code 1975, provides:
‘When personal injury or death is caused to an employee by an accident arising out of and in the course of his employment, of which injury the actual or lawfully imputed negligence of the employer is the natural and proximate cause, he, or in case of death, his personal representative, for the exclusive benefit of the surviving spouse and next of kin, shall receive compensation by way of damages therefor from the employer....”
Thus, to be compensable under the Workmen’s Compensation Act, the injury to the employee “must arise out of and in the course of [his or her] employment.” Kennedy v. Cochran, 475 So.2d 872 (Ala.Civ.App.1985). An employee must also satisfy the tests of legal and medical causation to establish that he is entitled to workmen’s compensation benefits. Gold Kist v. Pope, 539 So.2d 291 (Ala.Civ.App.1988). “To establish legal *968 causation, the employee must show that he was exposed to a risk or hazard to which he would not have been exposed had he not been performing his job.... To establish medical causation, the employee must show that the hazard or risk to which he was exposed was, in fact, a contributing cause of his injury.” Patterson v. Clarke County Motors, Inc., 551 So.2d 412, 415 (Ala.Civ.App.1989) (Citations omitted.)
O’Dazier testified that on March 2, 1990, he was employed by USX as an exit end operator. His job required him to climb three or four steps to manually trim “side trim material.” On March 2, as he began to climb the stairs, he testified that he felt a burning sensation in his knee. The record reveals that O’Dazier went to the medical center at USX where X-rays were taken and that he was sent back to work with restrictions. Later on the same day, O’Dazier went to Lloyd Noland Hospital for an orthopedic evaluation by Dr. Steven Roberts. Dr. Roberts did arthroscopic surgery on O’Dazier’s knee two weeks after the initial pain. After several months of physical therapy, O’Dazier returned to work on September 19, 1991. O’Dazier testified that he still had pain after he returned to work so he requested a second opinion.
For the second opinion, O’Dazier chose Dr. Thomas Johnson from a list of doctors provided by USX. Dr. Johnson testified by deposition that after a physical examination he could not find an objective basis for O’Da-zier’s pain that would be consistent with him having suffered a trauma to his knee. O’Da-zier related his pain to Dr. Johnson only through subjective complaints. After not being able to find an objective basis for O’Dazier’s pain, Dr. Johnson ordered a Magnetic Resonance Imaging test which showed only a mild degenerative condition. The record reveals that after O’Dazier reported that he had experienced extensive pain in his knee while mowing his grass, Dr. Johnson performed a second surgery on June 6, 1991. Dr. Johnson testified that this surgery was exploratory and diagnostic in nature. He performed this surgery because he could find no objective basis for O’Dazier’s complaints. During this surgery Dr. Johnson found only a small area of scuffed cartilage. Dr. Johnson stated that this scuffed cartilage was a minor finding which would not be an uncommon finding in a man O’Dazier’s age. Dr. Johnson testified that his findings would be consistent with a degenerative condition rather than any sort of trauma. The only objective finding by Dr. Johnson regarding O’Dazier’s pain was a slight swelling of the knee after O’Dazier had reported he had experienced pain while mowing his grass.
The record contains conflicting testimony regarding whether O’Dazier suffered from a degenerative condition or whether he suffered from a work related trauma. It is the court’s duty to resolve any conflicting testimony. Winn-Dixie, Inc. of Montgomery v. Ates, 628 So.2d 791 (Ala.Civ.App.1993). Because there was medical evidence before the court that O’Dazier’s pain was related to a degenerative condition, there was evidence supporting the trial court’s finding that O’Dazier had failed to establish medical causation. Ex parte Valdez, 636 So.2d 401 (Ala.1994). “Where one reasonable view of the evidence supports the trial court’s judgment, the judgment must be upheld, even if another, perhaps better reasoned, view of the evidence might have dictated a different outcome.” Ex parte Veazey, 637 So.2d 1348 (Ala.1993).
O’Dazier also contends that the trial court erred by admitting into evidence a report showing the result of a drug test, which indicated that O’Dazier had used marijuana. O’Dazier argues that because the report was unauthenticated, the report is hearsay.
“If there is legal evidence to support the trial court’s findings in a workmen’s compensation case, the reviewing court will consider issues regarding the trial court’s rulings on the admissability of evidence at trial only if the amount of illegal evidence which was admitted suggests the probability that the trial court’s findings were influenced thereby.”
M & H Valve Co. v. Carmichael, 607 So.2d 224, 227 (Ala.Civ.App.1991).
The drug test in question was administered to O’Dazier after he had a seizure at work, following his return to work. At trial, USX introduced the results of O’Dazier’s drug test only after O’Dazier claimed his *969 seizure was a result of the pain medication he was taking for his knee. This evidence had no bearing on whether or not the employee suffered a compensable injury due to an accident arising out of and in the course of his employment. There was considerable unobjectionable evidence to support the trial court’s findings. Even if it was error for the trial court to admit the drug test, after a careful examination of the entire record we cannot hold that the error complained of by O’Dazier injuriously affected his substantial rights. Rule 45, Ala.R.App.P.
For the foregoing reasons we conclude that there was legal evidence to support the trial court’s findings and that a reasonable view of that evidence supports the trial court’s judgment. The trial court’s judgment is due to be affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.

. We note that because of the date of the injury, the Workmen's Compensation Act, as it read before the amendments of May 19, 1992, is controlling.