THOMPSON, Judge,
dissenting.
After reviewing the record, including the trial judge’s detañed order, I respectfully disagree with the main opinion. It appears clear that the trial judge applied the correct standard in determining whether the employee had met his burden in proving medical causation. In his final order, the judge stated, “[T]he Court is mindful of the fact that, to establish medical causation, the plaintiff does not have to prove that his employment was the sole cause of his injury, so long as it was a contributing cause to it.”
In a workers’ compensation case, the claimant has the burden of proving, by a preponderance of the evidence, that a work-related accident caused or was a contributing factor in causing the injury for which he seeks compensation. Section 25-5-81(c), Ala. Code 1975; Fordham v. Southern Phenix Textiles, Inc., 387 So.2d 204 (Ala.Civ.App.1980).
All of the medical experts testified that they were unable to express an opinion to a reasonable degree of medical certainty as to whether the herniated disc diagnosed on the May 2, 1994, MRI was a natural progression and the end result of the work-related accident of December 16, 1998. Skelton’s medical history, as revealed in his medical records, indicates that he was often engaged in other activities that caused him to have pain in his back. Skelton, himself, was unable to identify the precipitating event leading to the herniation.
The new Workers’ Compensation Act provides that, on appellate review, the findings of the trial court will not be reversed if they are supported by substantial evidence. § 25-5 — 81(e)(2), Ala.Code 1975. I find the trial court’s finding to be supported by substantial evidence. Therefore I must dissent.